JOSEPH DONNERSBERGER

v.

RICHARD PRENDERGAST et al.

*Filed at Springfield April 5, 1889.*

1. TOWNSHIP ORGANIZATION — *changing boundaries of towns, etc.— validity of amendatory act of 1887.* Section 12 of article 3 of the Township Organization law, as amended in June, 1887, so far as it relates to proceedings to disconnect part of the territory of one town and annex the same to a contiguous town, is a valid and constitutional law, but is void in so far as it attempts to change the boundaries of incorporated cities, towns and villages by limiting or extending their territorial boundaries and jurisdiction.

2. SAME—*effect of act of 1887, as a repeal of the prior law.* The provisions of section 12 of article 3 of the Township Organization law, as amended in 1887, being a valid law so far as it relates to the same subject matter included in the act of 1874, necessarily operates as a repeal of the former law, and the law as amended takes its place.

3. SAME—*former decisions.* The cases of *Dolese* v. *Pierce,* 124 Ill. 140, and *Village of Hyde Park* v. *City of Chicago,* id. 156, *held,* that section 12 of article 3 of the Township act of 1874, as amended in 1887, in so far as it attempted to authorize a change in the boundaries of incorporated cities and villages, was in violation of section 13 of article 4 of the Constitution, and therefore void. But the question of the validity of that law in providing for a change in the boundaries of towns by taking territory from one and annexing the same to another, was not involved.

4. CONSTITUTIONAL LAW—*title of an act—constitutional-requirement.* The first clause of section 13 of article 4 of the constitution, which provides "that no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title," only requires that the subject of the act be expressed, in general terms, in the title. It is sufficient if the title is comprehensive enough to reasonably include as falling within the general subject, and as subordinate branches thereof, the several objects which the statute assumes to effect.

5. SAME—*title of the act of 1887 amendatory of the Township Organization law of 1874.* The act of 1887, entitled "An act to amend sections 2, 4, 6, 7, 10, 11 and 12 of article 3 of an act entitled 'An act to revise the law in relation to township organization,' approved and in force March 4, 1874," so far as it relates to the subject matter contained in the sections before amendment, and in respect of matters germane thereto, is a valid enactment, as the subject of it is expressed in its title; but in so

far as section 12 of the act of 1887 provides for a change in the bound-aries of incorporated cities and villages, it is void, as not being em-braced in the title of the act.

6. Under the title of the act of 1887, the legislature had the right to provide, as it did, for the change of township boundaries; but this right did not carry with it, as an incident, the power to change the bounda-ries of cities and villages, unless the change in the latter was necessary to effectuate a change in the former, or at least promote such object, which was not the case.

7. Same—*part of an act void—validity of other portions.* Where the constitutional and unconstitutional provisions of a statute are distinct and separable, the valid provisions may stand and be enforced as though the invalid one had not been introduced. Because a portion of a statute is unconstitutional, it does not follow that the court may declare its other provisions void, if they are separable, and the valid portions are capable of enforcement independently of such void provision, unless it shall appear that all of the provisions of the act so depend on each other, operating together for the same purpose, or are otherwise so connected together in meaning, that it can not be presumed the legis-lature would have passed the one without the other.

8. Where an act is done under the provisions of a statute, some of which are void and others valid, it will be presumed to have been done without reference to the void provisions, unless there is something clearly indicating the contrary.

This was a petition for a *mandamus,* filed in this court by Joseph Donnersberger, against Richard Prendergast and others, composing the canvassing board of elections of the cities of Chicago and Lake View, the towns of Lake and Cicero, and villages of Hyde Park and Jefferson, to compel such board to canvass certain votes cast at the annual election held April 3, 1888, etc. The material facts appear in the opinion of the court.

Messrs. Crafts & Stevens, for the relator.

Mr. S. S. Gregory, and Mr. Hempstead Washburn, for the respondents.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is a petition in this court by Joseph Donnersberger, against Richard Prendergast and others, who compose the board of canvassers of elections for the cities of Chicago and Lake View, the towns of Lake and Cicero, and the villages of Hyde Park and Jefferson, in Cook county, to compel such board to canvass the votes cast at the annual town election held April 3, 1888, in that part of sections 35 and 36, in township 39 north, range 13, east of the third principal meridian, which lies south-east of the Illinois and Michigan canal, in the county of Cook, which votes were cast for certain persons who were candidates for the various offices of supervisor, assessor, collector and town clerk in the town of South Chicago. The canvassing board refused to canvass or count said votes, claiming that such part of said sections 35 and 36 was a part of the town of Cicero, and not a part of the town of South Chicago. There is no question that originally, and prior to November 17, 1887, this territory composed a part of the town of Cicero. The petition herein sets forth the proceedings by which it is claimed that the territory in question was detached from the town of Cicero and annexed to the town of South Chicago. These proceedings are in all respects in conformity with section 12, of article 3, of the Township Organization law, as amended by act of the General Assembly approved June 15, 1887, in force July 1, 1887, so that if that section, as amended, is a valid law, under and by virtue of which portions of one town may be severed therefrom and annexed to another, this territory was legally taken from the town of Cicero and annexed to the town of South Chicago, and the prayer of petitioners should be granted. The case presented therefore raises the question whether section 12 of article 3, as amended in 1887, so far as it relates to proceedings where it is sought to disconnect part of the territory of one town and annex the same to a contiguous town, is void.

In the cases of *Dolese et al.* v. *Pierce,* 124 Ill. 140, and *Village of Hyde Park* v. *City of Chicago,* id. 156, it was held, that in so far as the act attempted to authorize a change in the boundaries of cities and incorporated villages, it was in violation of section 13, article 4, of the State constitution, and therefore void. It will be observed, by reference to the cases cited, that there was involved therein only the provisions of the act relating to the change of the boundaries of incorporated cities or villages, within which the territory proposed to be united was included; and in so far as the act under consideration attempts to deal with cities and villages by limiting or extending their territorial boundaries and jurisdiction, it was held unconstitutional and void.

Section 13, of article 4, of the constitution, provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The act as amended, and under which the proceedings were had to disconnect the territory under consideration from one town and connect it with the other, is entitled, "An act to amend sections 2, 4, 6, 7, 10, 11 and 12, of article 3 of an act entitled 'An act to revise the law in relation to township organization,' approved and in force March 4, 1874." A reference to the act of 1874 will show that the sections of that law referred to, related exclusively to the division of towns, "re-adjusting the boundary lines of adjacent towns, by detaching territory from one and adding it to another, the uniting of two contiguous towns into one, and the manner of accomplishing these objects, including the adjustment of the property rights and liabilities of the towns affected." It follows, therefore, that so far as the act relates to the subject matter contained in the sections before amendment, and in respect of matters germane thereto, the subject of the act is expressed in

its title. The first clause in the provision of the constitution quoted, only requires the subject of the act to· be expressed in general terms in the title. (*Johnson* v. *People*, 83 Ill. 431; *Jonesboro City* v. *Cairo, etc., Railroad Co.* 110 U. S. 192.) It is sufficient if the title is comprehensive enough to reasonably include, as falling within the general subject, and as subordinate branches thereof, the several objects which the statute assumes to affect. *Potwin* v. *Johnson*, 108 Ill. 70; *People* v. *Hazelwood*, 106 id. 319.

Section 12 as amended gives the county board full power to unite two or more contiguous towns into one, and "to disconnect territory from one of such towns and annex the same to another," and prescribing the manner in which such change shall be effected and the steps necessary to be pursued to accomplish that purpose, with other matters pertaining strictly to matters arising properly under the township organization system, and also provides, "that when said town to which such territory is annexed is wholly within the limits of an incorporated city, the limits of such city shall thereafter be extended to include the territory annexed to such town." It was the attempt to give effect to this latter clause or proviso that was involved in the cases of *Dolese* v. *Pierce* and *Hyde Park* v. *Chicago*, before referred to. As we have seen, those cases are decisive of the invalidity of that provision. In the first of the cases referred to, we said: "Under the title of the act of 1887, the legislature had the right to provide, as it did, for the change of township boundaries; but this right did not carry with it, as an incident, the power to change the boundaries of cities and villages, unless the change in the latter was necessary to effectuate a change in the former, or at least promote such object, and nothing of this kind is pretended." The question of the legality of the change of the boundaries of two towns, by taking territory from the one and annexing it to the other, was not involved in those cases. The provision relating to the extension of the limits of the city we then

thought, and are still of the opinion, was entirely foreign to anything relating to the system of township organization as established by law. It was held not to be germane to the subject expressed in the title of the act, and therefore in conflict with the first clause of the constitutional provision above quoted.

As we have seen, the constitution provides that where a subject is embraced in an act not expressed in its title, "the act shall be void only as to so much thereof as shall not be so expressed." Therefore, although a portion of the statute under consideration is unconstitutional, it does not follow that the court is authorized to declare its other provisions void, if they are separable from the void provisions and capable of enforcement independently of such void provisions, unless it shall appear that all of the provisions of the act are so dependent on each other, operating together for the same purpose, or are otherwise so connected together in meaning, that it can not be presumed that the legislature would have passed the one without the other provision. When the constitutional and unconstitutional provisions are distinct and separable, the valid provisions may stand as though the invalid provision had not been introduced. Cooley's Const. Lim. 177, 178, and notes. See, also, *Knox County* v. *Davis*, 63 Ill. 405; *Myers* v. *People*, 67 id. 503; *Binz* v. *Weber*, 81 id. 288; *Town of Middleport* v. *Ætna Life Ins. Co.* 82 id. 562; *Hinze* v. *People*, 92 id. 406; *Cornell* v. *People*, 107 id. 372; *People* v. *Hazelwood, supra.* The provision for changing the boundaries of towns under township organization in this section is distinct and separable from the annexation of one incorporated city or village to another, or extending the boundaries of an incorporated city or village so as to include the territory annexed within the city or village limit. We are of opinion, therefore, that the provision of section 12, article 3, of the act of 1887, so far as it relates to the uniting of towns, or detaching territory from one town and attaching it to another, being within the scope of the subject

expressed in the title of the act, was valid legislation, and may be carried into effect, notwithstanding the void provision relating to cities and villages, referred to.

In the case of *Hyde Park* v. *City of Chicago*, the facts and circumstances there shown raised the presumption that the vote was had with reference to the provision of the statute there held to be unconstitutional. It was there shown, that the petitioners in the petition presented to the county board, provided for in the 12th section of the act, describe themselves as residents of the "town *or village* of Hyde Park." They pray that the specified territory be disconnected "from the town *or village* of Hyde Park, and be annexed," etc. So the proceedings had by the board of commissioners designate the petition as being for disconnecting a portion of the "town or *village of Hyde Park*," and annexing it to the town of South Chicago, and so the clerk was directed to submit to the voters of the "town or *village of Hyde Park*" the question of annexation to South Chicago, of a part of the "town or *village of Hyde Park*." And it was there said: "When the voters are thus called on to vote for the annexation of a part of a town or part of a village, the question being submitted in an alternative form, and they vote for annexation and against annexation, how can the canvassing board say they voted to annex the town, rather than the village?"

It is apparent that the conclusion there reached in respect of the annexation of the town of Hyde Park to the town of South Chicago was based upon the peculiar circumstances of that case, with which conclusion we are entirely content. In this case no such question as was there presented arises. The question here submitted to the voters of the town interested was simply that of annexation of the portion of the town of Cicero indicated, to the town of South Chicago. It will not be presumed that the affirmative vote for the change in the boundaries of the two towns was given upon the assumption that it would have an effect different from that contemplated

by the question submitted. When an act is done under the provisions of a statute, some of which are void and others valid, it will be presumed to have been done without reference to the void or unconstitutional provisions, unless there is something clearly indicating to the contrary. The courts will not only uphold a statute so far as it is possible to be done without violence to the constitution, but will also uphold whatever has been done under or in pursuance of such statute, so far as the acts done appeared to be within the provisions of the valid portions of the statute. See *Penniman's case*, 103 U. S. 714; *Hills* v. *Exchange Bank*, 105 id. 319; *Unity* v. *Burrage*, 103 id. 447; *Florida Central Railroad Co.* v. *Schutte*, id. 118; *Edwards* v. *Pope*, 3 Scam. 465; *People ex rel.* v. *Cooper et al.* 83 Ill. 585; *Hinze* v. *People ex rel.* 92 id. 406.

We are of opinion that the act under consideration, providing for the disconnection of territory from one town and annexing it to another, is valid, and the proceedings in this case having been in conformity with its provisions, had the effect to disconnect all that part of sections 35 and 36 lying south-east of the Illinois and Michigan Canal, from the town of Cicero, and of annexing it to the town of South Chicago.

The views here expressed render it unnecessary for us to consider whether the proceedings can be upheld as being in conformity with the act of 1874. The provisions of section 12 being valid, so far as they relate to the same subject matter included in the act of 1874, necessarily operate as a repeal of the former act.

It therefore follows, that the annexation of the territory in question to the town of South Chicago was made in all respects in conformity with law, and must be upheld, and a peremptory writ of *mandamus* will issue.

*Mandamus granted.*