The North Hudson Mutual Building & Loan Association, Respondent, vs. Childs and others, Appellants.

*October 17 — November 7, 1893.*

(1) *Notice of appeal.* (2) *Debtor and creditor: Fraudulent conveyances: Injunction.* (3) *Action at law or in equity? Breaches of trust and fraud by officers of corporation.* (4) *Amendment of complaint: Improper joinder of causes and parties: Demurrer.*

1. Under sec. 3049, R. S., a notice of appeal not directed to or served "on the clerk of the court in which the . . . order appealed from is entered," is a mere nullity.

2. A mere creditor at large is not entitled to have conveyances of the debtor's property set aside as fraudulent; nor can the alleged fraudulent grantees be made parties in his action against the debtor (even though such action is an equitable one) merely for the purpose of restraining them from disposing of said property.

3. The complaint in this case, showing that defendants as officers of the plaintiff corporation had been guilty of breaches of trust and fraud in dealing with the property of the corporation, is *held* to state a good cause of action for equitable relief. *North Hudson M. B. & L. Asso. v. Childs*, 82 Wis. 460, adhered to.

4. New matter added to a complaint by amendment does not make an improper joinder of causes of action where the matter so added does not state a cause of action.

5. The original defendants cannot by demurrer to an amended complaint object that there is an excess of parties defendant because of the joinder of new defendants as to whom no cause of action is shown to exist.

APPEAL from the Circuit Court for *Eau Claire* County. This case was before the court on appeal from a final judgment against the original defendants in the action, *James Childs* and *C. Y. Denniston*, 82 Wis. 460, where the case is stated. After the reversal of the judgment the circuit court ordered a reference of all the issues to a referee, to hear, try, and determine the same. Subsequently plaintiff, upon a petition alleging in substance that the defendant *Denniston* had, prior to the rendition of the judgment so reversed, conveyed to his son, *John C. Denniston*, by sundry deeds, divers lots and lands owned by him, without consideration and with the intent to hinder, delay, and defraud the plaintiff and to prevent it from levying upon and selling it and collecting its claim against him, and had transferred to him a considerable personal estate with like intent and for like purpose; and that the defendant *Childs*, for like purpose and with the same intent, without any consideration, prior to the rendition of said judgment, had conveyed a considerable part of his real estate to his daughters, Anna Childs and Cordelia Johnson, who had conveyed

a part of the same to their mother, *Elizabeth Childs*, and other portions to his son-in-law, *William J. Johnson*, obtained on said petition an order at chambers for leave to amend the complaint by bringing in as parties defendants said *John C. Denniston, Elizabeth Childs*, and *William J. Johnson*, and inserting in said complaint suitable allegations in respect to said transfers; which being done, the plaintiff prayed as relief against such defendants that each of said conveyances be declared fraudulent and void as to any judgment that might be obtained in the action, and that a receiver might be appointed to take charge of such premises. This order was, on motion to set the same aside, affirmed by the court. The place of trial of the action was afterwards changed to Eau Claire county. The defendants demurred jointly and separately to the amended complaint for misjoinder of causes of action, for improper joinder of defendants, and for that it did not state facts sufficient to constitute a cause of action. The circuit court for Eau Claire county overruled the demurrers, and the defendants appealed from the order made thereon, and also from the order of the circuit court for St. Croix county granting leave to amend the complaint and bring in the additional defendants. Both appeals are embraced in one notice, and it was directed to and served only on the clerk of the circuit court for Eau Claire county.

For the appellants there was a brief signed by *H. L. Humphrey* and *Baker & Helms*, attorneys for *C. Y. Denniston* and *John C. Denniston*, and *Ray S. Reid*, attorney for *James H. Childs, Elizabeth Childs*, and *W. J. Johnson;* and the cause was argued orally by *Ray S. Reid*.

For the respondent there was a brief by *Bashford & Disney*, and oral argument by *J. W. Bashford* and *R. M. Bashford*. To the point that plaintiff was entitled to an injunction under secs. 2774–2776, R. S., they cited *Joseph v. McGill*, 52 Iowa, 127; *Delacey v. Hurst*, 83 Ga. 223;

*Miller v. Hughes*, 33 id. 530; *Straton v. Hernon*, 154 Mass. 310; *Dorothy v. Halloday*, 32 N. E. Rep. (Ind.), 317; *Combs v. Watson*, 32 Ohio St. 228; *Way v. Way*, 67 Wis. 662; *Damon v. Damon*, 28 id. 510; *Gibson v. Gibson*, 46 id. 449; *Douglas Co. v. Walbridge*, 38 id. 179; *Dean v. Smith*, 23 id. 483.

PINNEY, J.   1. The notice of appeal from the order of the circuit court for St. Croix county allowing the complaint to be amended and new defendants to be brought in, was not directed to or served "on the clerk of the court in which the . . . order appealed from is entered," and is, as to such order, a mere nullity and wholly inoperative. R. S. sec. 3049; *Haas v. Weinhagen*, 30 Wis. 326; *Yates v. Shepardson*, 37 Wis. 315; *Eureka S. H. Co. v. Sloteman*, 67 Wis. 118, 124.

2. The plaintiff, upon its own showing, is merely a creditor at large of the defendants *James Childs* and *C. Y. Denniston*.   As such, and until it obtains judgment, it is in no position to assail or impeach in equity the transfers and conveyances mentioned in the amended complaint.   This is elementary.   The only relief prayed as against the new defendants, *John C. Denniston, Elizabeth Childs* and *William J. Johnson*, is in respect to these alleged transfers and conveyances and the property described in them.   It is manifest that as to these defendants the demurrers are well taken and should have been sustained.   The amended complaint wholly fails to state facts sufficient to constitute a cause of action as to either of them.   The possibility that the plaintiff may get judgment on its claim will not suffice. Courts of equity are not tribunals for the establishment or collection of ordinary demands; and until judgment recovered, at least, the creditor has no right to come into a court of equity to interfere with or control the money, property, or estate of the defendant.   *Gilbert v. Stockman*, 81 Wis.

602; *Montague v. Horton*, 12 Wis. 599, 606; *Meissner v. Meissner*, 68 Wis. 342. Where, as in this case, the alleged fraudulent transfer has been made, the court is not authorized, in an action by a creditor at large against the debtor and his fraudulent grantee, to restrain the latter from disposing of the property. *Reubens v. Joel*, 13 N. Y. 488; *Rinchey v. Stryker*, 28 N. Y. 50.

It is contended that the joinder of the new defendants, the alleged fraudulent grantees of the original defendants, ought to be maintained, to the end that the injunction granted when the complaint was amended, restraining all the defendants from selling or disposing of or in any way incumbering any of the lands so fraudulently conveyed, may be retained, under sec. 2774, R. S.;[1] and some cases were cited in support of this claim. The injunction contemplated by this section is only by way of provisional remedy, and it can be granted only " where it shall appear by the complaint that the plaintiff is entitled to the relief demanded." One cannot be made a party against whom no cause of action is shown to exist, simply for the purpose of restraining his conduct by injunction; and as to property already fraudulently conveyed, as alleged in this case, no injunction can go against the grantee where the plaintiff

---

[1] Sec. 2774, R. S., is as follows: " Where it shall appear by the complaint that the plaintiff is entitled to the judgment demanded, and such judgment or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it shall appear that the defendant is doing, or threatens, or is about to do, or is procuring or suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. And when during the pendency of an action it shall appear by affidavit that the defendant threatens or is about to remove or dispose of his property with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition." — REP.

The North Hudson Building & Loan Ass'n vs. Childs and others.

is merely a creditor at large of the grantor until he has established his demand .by judgment, although a temporary injunction may go upon proper allegations to prevent the alleged debtor from making a fraudulent removal or disposition of his property. In the case of *Reubens v. Joel,* 13 N. Y. 488, the statute relied on was construed in New York, from whence it was borrowed, and that case is decisive against the plaintiff's contention, and that construction, by a familiar principle, is held to have been adopted with the statute itself. The case of *Montague v. Horton,* 12 Wis. 606, is substantially to the same effect. The law on this subject is well settled in this state, and we see no reason for changing the rule. The cases of *Damon v. Damon,* 28 Wis. 510; *Gibson v. Gibson,* 46 Wis. 449; and *Way v. Way,* 67 Wis. 662,— where, in actions for divorce, conveyances have been set aside as in fraud of the marital rights of the wife,— are clearly distinguishable from the present, in that in those cases the fraud was one against the rights of the wife in her admitted relation as such. The fact that we have held that the action is an equitable one for the recovery of an equitable demand will not serve to take the case out of the usual rule. There can be no reason for adopting in this respect one rule for the collection of legal demands, and another in the case of equitable ones. *Geery v. Geery,* 63 N. Y. 252; *Bassett v. Warner,* 23 Wis. 688, 689.

Upon the former appeal we held the complaint must be regarded as setting out an equitable cause of action, and that it must be proceeded with accordingly. It is contended by the appellants that the complaint states only legal causes of action, and not an equitable cause of action, with several specifications of breach of duty. The defendants *Childs* and *Denniston,* in their several offices, were in a general sense trustees for the plaintiff, and the gravamen of the charge is that they have been guilty of breaches of

trust, and, if the allegations of the complaint are true, their conduct has been fraudulent in fact as well as wrongful. Courts of equity have always exercised original jurisdiction in matters of fraud and trust, and although cases may occur so simple in their character that an adequate remedy may be had at law, yet the jurisdiction in equity has been maintained, in cases such as this, as being more efficient and better adapted to the ends of justice than an action at law, particularly where it is necessary to take and state an account or the matters presented are complex and involved. The allegations of the complaint as to *Childs* and *Denniston* are sufficient to show a case within the jurisdiction of a court of equity against offending trustees or, more strictly speaking, mandataries of the corporation. *Charitable Corp. v. Sutton*, 2 Atk. 400; *Spering's Appeal*, 71 Pa. St. 23; *Hodges v. New England Screw Co.* 1 R. I. 312, 3 R. I. 9; *Citizens' Loan Asso. v. Lyon*, 29 N. J. Eq. 110. We adhere, therefore, to the views expressed on the former appeal, and hold that the complaint states a good cause of action for equitable relief against the original defendants.

3. Inasmuch as the matter added to the complaint by way of amendment does not state a cause of action, the objection of multifariousness, or that different causes of action have been improperly joined, therefore fails. *Lee v. Simpson*, 29 Wis. 333, and cases cited. The defendants *James Childs* and *C. Y. Denniston* cannot by their demurrer object to the joinder of the new defendants, as to whom no cause of action is shown to exist. While the new defendants might be heard to object to such joinder, the original defendants cannot be heard by demurrer to object that there is an excess of parties defendant. They are not prejudiced by it. *Bronson v. Markey*, 53 Wis. 100; *Murray v. McGarigle*, 69 Wis. 484, 490; *Nichols v. Drew*, 94 N. Y. 22, 26. It follows, therefore, that the demurrers as to the defendants *James Childs* and *C. Y. Denniston*

were properly overruled, and that the order appealed from must be affirmed as to them and reversed as to *John C. Denniston, Elizabeth Childs,* and *William J. Johnson,* and the cause must be remanded with directions to sustain the demurrers as to them, and for further proceedings according to law.

*By the Court.*— It is so ordered.