R. M. BURGIN v. RICHMOND AND DANVILLE RAILROAD COMPANY.

*Action for Damages— Common Carrier—Injury to Passenger— Jumping from Train in Motion— Contributory Negligence.*

The mere fact that a train fails to stop, as is its duty, or as the conductor has promised to do, does not justify a passenger in leaping from it while in motion, unless invited to do so by the carrier's agent, and the attempt was not obviously dangerous.

ACTION for damages, heard on complaint and demurrer, at Fall Term, 1894, of McDOWELL Superior Court, before

*Allen, J.*   The demurrer was sustained, and plaintiff appealed.   The facts appear in the opinion of Chief Justice SHEPHERD.

*Messrs. F. H. Busbee* and *G. F. Bason*, for defendant.
No counsel, *contra.*

SHEPHERD, C. J.: This action is brought for the recovery of damages sustained by the plaintiff in jumping from the defendant's train while it was in motion.   It appears from the complaint that the plaintiff informed the conductor that he desired to get off at Round Knob, a station on the defendant's road, where it was the duty of the defendant to stop its train, but that defendant " negligently and carelessly failed and refused to stop its said train at said station so that plaintiff, who was compelled to stop at said station, being at the time on his way home to the bedside of one of his children, who was at the time in a dying condition, jumped from said train as it was passing said station of Round Knob, and in doing so was painfully and seriously injured," etc.

We think there can be no question as to the correctness of the ruling sustaining the demurrer.   " The general rule is that passengers who are injured while attempting to get on or off a moving train, cannot recover for the injury." *Browne* v. *Railroad Co.*, 108 N. C., 34; Hutchinson on Carriers. sec. 641.   In *Lambeth* v. *Railroad Co.*, 66 N. C., 494, it was said, " If the intestate, without any direction from the conductor, voluntarily incurred danger by jumping off the train while in motion, the plaintiff is not entitled to recover." In addition to these authorities, there are a great number to be found in other jurisdictions which abundantly sustain the proposition that it is contributory negligence to "attempt to alight from a moving vehicle, although in consequence of the refusal of the carrier to stop, the passenger will be taken beyond his destination, unless he is invited to alight by

some employee of the carrier, whose duty it is to see to the safe egress of the passengers from the conveyance. The mere fact that the train fails to stop, as was its duty, or as the conductor promised to do, does not justify a passenger in leaping off, unless invited to do so by the carrier's agent, and the attempt was not obviously dangerous." *Walker* v. *Railroad Co.*, 41 La.. Am., 795; *Jewell* v. *Railroad*, 54 Wis., 610; *Railroad Co.* v. *Morris*, 31 Grat., 200; *Nelson* v. *Railroad*, 68 Mo., 593; 2 Wood's Railway Law, 1133. To the same effect are the cases cited in defendant's brief from Pennsylvania, Tennessee, Iowa, Texas, Georgia, Michigan, Mississippi and other States.

It is true, as stated in the cases of Browne and Lambeth, *supra*, that there may be exceptions to the general rule that it is contributory negligence to alight from a moving train, but there is nothing in this complaint to bring it within any of the exceptions indicated in those cases or other authorities. The anxiety of the plaintiff to see his child, does not relieve him from the legal consequences of his reckless conduct. *Railway Co.* v. *Bangs*, 47 Mich., 470. It was clearly the proximate cause of the injury and bars a recovery.

Affirmed.