### 7931

### McJIMPSEY v. SOUTHERN RY.—CAROLINA DIVISION.

1. JUDICIAL NOTICE—RAILROADS.—The Court will take judicial notice that a railroad company has been incorporated and that it executed a lease of its property by the permission of the General Assemby.

2. RAILROADS—PLEADINGS.—Where a complaint alleges personal injury on a railroad and the carrier denies the material allegations of the complaint, but alleges acts of plaintiff while on its cars, which it insists amount to assumption of risks, there is a sufficient admission in the absence of evidence to send to the jury the issue that plaintiff was injured on defendant road.

3. IBID.—UNDER THE LAW OF NORTH CAROLINA the issues of negligence of carrier and of contributory negligence of passenger were properly sent to the jury under evidence tending to show the passenger in consequence of the announcement of a station and the apparent stopping of the train, went on the platform to disembark and by reason of a sudden jerk was thrown under the train.

4. IBID.—The Court is divided as to whether under the laws of North Carolina there was prejudicial error in refusing to charge, without modification, that a passenger cannot recover, if before a train reaches a station and while in motion he goes on to the platform and is thrown therefrom by a sudden jerk.

5. REHEARING refused.

Before DEVORE, J., Spartanburg, October term, 1909. Affirmed.

Action by Ed McJimpsey, by guardian *ad litem,* against Southern Railway—Carolina Division.    Defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *Plaintiff cannot recover under North Carolina law for injury after going on platform before train stops:* 55 S. E. 713; 43 S. E. 847.    *Slowing and starting the train in this case was not negligence:* 47 Am. R. 566; 16 Am. St. R. 63; 84 C. C. A. 330; 85 C. C. A. 565; 79 C. C. A. 350.    *Interstate corporation railroad is a different corporation in each State:* 4 Cooke on Corp., sec. 910; 10 So. R. 661; 73 Ala. 325; 107 U. S. 581; 136 U. S. 356; 13 Wall. 283; 88 Ill. 615. *Under North Carolina law it is contributory negligence to attempt to alight from a moving train:* 20 S. E. 473; 46 S. E. 12; 105 Am. St. R. 414; 71 C. C. A. 331.

*Messrs. Nicholls & Nicholls* and *C. P. Sims,* contra, cite: *Truth of evidence is for jury:* 19 S. C. 23; 25 S. C. 24; 34 S. C. 211; 42 S. C. 30, 454; 60 S. C. 301.    *Remedy for suing defendant by wrong name is plea in abatement:* 22 S. C. 118.

The opinion in this case was filed on May 1, 1911, but remittitur held up on petition for rehearing until

June 16, 1911.  The opinion of the Court was delivered by

Mr. Chief Justice Jones.  The plaintiff recovered judgment for personal injuries alleged to have been sustained August 5, 1906, while a passenger on defendant's train between Biltmore, N. C., and Asheville, N. C.

At the conclusion of all the testimony defendant moved the Court to direct a verdict for defendant on the following grounds:

(1) Because no actionable negligence has been shown on the part of the defendant company.

(2) That if any such has been shown, the evidence shows that the plaintiff was guilty of contributory negligence such as would defeat his recovery.

(3) That this suit is brought against Southern Railway—Carolina Division, while the evidence shows that the plaintiff was injured while on a train of the Southern Railway Company.

These same grounds are now urged against the Court's refusal of the motion. We notice the third ground first.

Unless contained in defendant's answer hereafter noticed, there was no testimony whatever that the injury occurred upon any railroad operated, leased or owned by the defendant. The testimony offered was all to the effect that the injury occurred on a train operated by the Southern Railway upon a railroad from Spartanburg, S. C., to Asheville, N. C.

The Court knows judicially that the Spartanburg and Asheville Railroad Company was incorporated in this State under the act of February 20, 1873, 15 Stat. 347, and was authorized to construct a railroad from Spartanburg to the North Carolina line, in the direction of Asheville or Rutherfordton, N. C.; that this railroad company with others consolidated and merged into a new corporation known as "Southern Railway—Carolina Division," and on June 30, 1902, this last named company executed a lease of its railroad property and franchise to the Southern Railway Company. Acts of 1902, 23 Stat. 1152; Acts 1904, 24 Stat. 665. If, therefore, the injury had occurred in this State, there would have been evidence tending to show liability as lessor, but the injury occurred in North Carolina, and there was no testimony offered to show that the defendant was authorized to operate any railroad in North Carolina, and no testimony to show that it owned or actually operated any railroad in that State, except the inference to be deduced from the pleadings The

complaint alleged that defendant was successor of the Spartanburg and Asheville Railroad Company and owner of its franchise, rights of way, tracks, locomotives and passenger cars, said tracks extending from Spartanburg, S. C., to Asheville, N. C., and that plaintiff became a passenger on the cars of defendant at Biltmore, N. C. The answer did not specifically deny these allegations, but stated: "It denies every material allegation of the complaint." It is extremely doubtful whether this constitutes a good general denial, because of the qualification, leaving it uncertain what the defendant considered "material." 1 Eng. Pl. & Pr. 782. But passing that by, as no motion to make the answer definite was made, we notice the third allegation in the answer: "Defendant further alleges that the plaintiff in getting out on the step of one of its cars and in attempting to jump from the train while in motion, and in holding on to the hand-holds while the train was in motion, assumed all the risks incident to his so doing." Here we have a statement by defendant that the injury occurred on the cars of defendant, and whether we view this as an admission, or as warranting an inference that the allegation of the complaint in this matter was not considered material by the defendant, and, therefore, not intended to be denied, we cannot hold that there was such a total failure of evidence on this point as to warrant direction of verdict for defendant.

Was there error in not directing a verdict on the ground of total failure of evidence to show negligence of defendant. The question is to be determined by the law of North Carolina, where the alleged tort occurred.

Taking the view of the evidence most favorable to plaintiff, it appears that plaintiff, a negro boy between fourteen and fifteen years old, boarded the defendant's train at Biltmore, N. C., as a passenger for Asheville, N. C. Before reaching Asheville a porter passed through the train, call-

ing: "All out for Asheville," and soon thereafter the train slowed down and stopped, and if it did not stop it was moving so slowly as hardly to be noticed. Thereupon, the plaintiff supposing he had reached the station went out upon the platform, when there was a jerk of the train, which threw him off the platform and under the cars, to his great injury. The station at Asheville is a large brick building surrounded by a fence with gates for entrance and exit of passengers. The injury occurred in the daytime, and according to plaintiff's testimony some two hundred yards from the station.

The slowing down of the train was explained by the testimony for defendant, which was not disputed. Between Biltmore and Asheville there was a construction crossing of the track, where a flagman was stationed, and it was the duty of the engineer to come to a stop or slow down and await the signal of the flagman before crossing. On this occasion the train was slowed down and, upon the signal of the flagman, started forward. The defendant's witnesses testified that the train was moving four or five miles an hour at the time of the injury and that it occurred about three fourths of a mile from the station, but for the purpose of this motion we must accept the plaintiff's version that the motion of the train was not perceptible and that the injury occurred about 200 yards from the station. There was no evidence that persons were accustomed to get off and on the train at this point, and there was no evidence that the engineer, conductor or any employee of the company, charged with the management of the train, had any knowledge or notice that plaintiff was on the platform when the train moved forward with a jerk. Nor was there any evidence that any employee of defendant invited plaintiff to go upon the platform or to alight, unless, as contended for plaintiff, such invitation should be inferred from the call of the station and the slowing down and stopping of the train. The statute law of North Carolina, which was

introduced in evidence by defendant, is section 2628 of the Revisal of 1905, as follows:

"In case any passenger on any railroad shall be injured while on the platform of a car, or on any baggage, wood or freight car, in violation of the printed regulations of the company posted up at the time in a conspicuous place inside its passenger cars then in the train, such company shall not be liable for the injury, provided said company at the time furnish room inside its passenger cars sufficient for the proper accommodation of its passengers."

It was in evidence, without contradiction or dispute, that in the car occupied by plaintiff there was posted in a conspicuous place a notice: "Passengers must not stand on the platform;" and on the outside of the door of that car there was another notice: "Passengers must not stand on the platform." It was also shown that at the time of the injury there was sufficient room inside the passenger cars for the proper accommodation of the passengers. Defendant offered in evidence also the following decisions of the Supreme Court of North Carolina: *Burgin* v. *Ry.,* 115 N. C. 673, 20 S. E. Rep. 473; *Denny* v. *Ry.,* 132 N. C. 340, 43 S. E. Rep. 847; *Morrow* v. *Ry.,* 134 N. C. 92, 46 S. E. Rep. 14; *Shaw* v. *Ry.,* 143 N. C. 312, 55 S. E. Rep. 713.

If the only inference of which the evidence is susceptible is that the train was in motion when plaintiff went upon the platform, then under the statute and the decision in *Shaw* v. *Ry., supra,* construing it, there should have been a nonsuit. The Court in that case said: "It is a very simple and easy matter, by observing outside objects or the earth itself, to tell when a train is at a standstill, and it imposes no hardship upon a passenger to require him to be certain as to that before entering upon the platform. The carrier owes no duty to be upon the lookout for passengers who violate the printed rule and go on the platform when prohibited, and the engineer and those in charge of the train have the right to suppose that passengers will remain in the car until it

comes to a full stop, and they have a right to act accordingly. The statute contains no exception to its general provisions, and in plain terms relieves the company from liability in the case of a passenger injured while on the platform of a moving train, when the company, as in this case, has complied with its terms. In *Denny* v. *Ry.,* 132 N. C. 340, 43 S. E. Rep. 347, it is held that a passenger who voluntarily goes upon the platform of a moving train for the purpose of alighting at the station and is injured by reason of a jerk in the train, is not entitled to recover therefor, and Mr. Justice Connor, speaking of the duty of the engineer, says: "He cannot be supposed to know or anticipate that passengers in defiance of the rules have gone upon the platform and are standing upon the step of the car while in motion." The testimony for the plaintiff, however, is that the train was at a standstill when he went upon the platform, or if there was any motion of the train it was not perceptible, and it was proper to submit the case to the jury upon this theory of the testimony. The Shaw case just cited quotes approvingly from *Smith* v. *Railroad,* 7 L. R. 323, 16 Am. St. Rep. 63, as follows: "The mere announcement of the name of a station is not an invitation to alight; but when followed by a full stoppage of the train soon thereafter, is ordinarily notification that it has arrived at the usual place of landing passengers. Comparing all the cases we deduce that when the name of the station is called, and soon thereafter the train is brought to a standstill, a passenger may reasonably conclude that it has stopped at the station, and endeavor to get off, unless the circumstances and indications are such as to render manifest that the train has not reached the proper and usual landing place."

There was some testimony that the jerk of the train occurred just as plaintiff got upon the platform on the opposite side from the station and before there was opportunity to notice whether the station had in fact been

reached.    If, therefore, the plaintiff went upon the platform while the train was at a standstill and had no time to retire therefrom, if he had then discovered that he was not at the station, he was upon the platform, after the call of station and stoppage of the train, as one under an implied invitation to be there, and a jerk of the train so violent as to throw one from the platform would tend to show negligence.    In such a situation the imperative rule of the statute does not apply and the passenger is subject to the rule of the prudent person.

The testimony stated also shows that it was proper to submit to the jury the question of plaintiff's contributory negligence.

There are a number of exceptions to the instructions given the jury by the Court.    Defendant requested the following instruction: "If the jury find from the evidence that the plaintiff was out on the platform before the train reached the station, and the train was still in motion, and that it gave a jerk, and that this jerk was incident to the moving forward of the train, and that this was the cause of his being thrown and injured, then he cannot recover," to which the Court responded: "I charge you that is the law of North Carolina, as I understand it, and in connection with that I charge you this: Unless he was out on the platform, if you conclude he was out there, by the invitation of the defendant company."

Defendant also requested this instruction: "If plaintiff was out on the platform and was attempting to alight from the train while in motion and was thrown by a jerk of the train, which was incident to its moving forward, while it was some distance from the station, he cannot recover," to which the Court responded: "I charge you that, and in connection with it I charge you this: That if it was some distance from the station, and there was any announcement given by any of the employees or servants of the railroad company, acting within the scope of their agency, that

9—89

would lead a person of ordinary reason and care and prudence to believe that the train had reached the station, or was moving very slowly, in connection with any announcement that may have been given, such announcement and the slow moving of the train, or the speed of the train, rather, would indicate to a person of ordinary reason, prudence and care that the train had arrived at the station, then if he came out on the platform at the invitation of the defendant company, and he was injured as a direct and proximate cause of their negligence, under those circumstances, he would be entitled to recover."

There were other portions of the charge which applied the rule of the prudent person to the conduct of the plaintiff, even though the train was in motion and had not reached the station.

We do not think the charge as a whole was in accordance with the law of North Carolina, as shown in evidence. It appears that the law of that State is that the rule of the statute quoted applies to persons going upon the platform while the train is in motion and that the rule of the prudent person does not apply in such a case. The mere call of the station and slowing down of the train implies no invitation to alight, except at the station or when the train stops. Under the theory of the defendant's testimony, and the requested instruction to meet that theory, the train was not at a station and had not stopped when plaintiff went upon the platform. The case of *Shaw* v. *Ry., supra,* expressly holds, over a vigorous dissent by Chief Justice Clark and Justice Hoke, that, under the statute mentioned, a railroad company is not liable for injuries to a passenger, who, after the porter called out the name of the station at which she intended to alight, and while the train was still moving, went upon the car platform, in violation of the printed regulations so posted, and was injured by the sudden jerking of the train, though she went upon such platform in the *bona fide* belief that the train had come to a full stop, and

though a reasonably prudent person under the same circumstances would have so believed and acted.

My conclusion is that the judgment of the Circuit Court should be reversed and the case remanded for a new trial.

MR. JUSTICE WOODS *concurs in this opinion.*

MESSRS. JUSTICES GARY *and* HYDRICK *dissent, and say:* When the charge is considered as a whole and read in the light of the testimony, we are satisfied that, even if it be conceded that the modifications of defendant's requests were slightly erroneous, the error was not misleading or prejudicial and did not affect the result. Therefore, we think the judgment of the Circuit Court should be affirmed.

The Court being equally divided the judgment of the Circuit Court is affirmed.

Petition for rehearing refused by formal order on June 16, 1911.