S. BANE v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 23 October, 1918.)

**1. Carriers of Passengers—Riding on Platform—Notice—Statutes.**

Revisal, sec. 2628, requires only that the notice to be placed by a railroad company in its coach, relieving the company from liability to a passenger injured while riding on the platform, etc., shall be in English, and the fact that such passenger cannot read that language is immaterial.

**2. Same—Call for Station— Stopping Train— Verdict— Findings— Instructions—Proximate Cause.**

Where there is evidence tending to show that a passenger on a railroad train had left his seat in the coach, wherein the statutory notice (Revisal, sec. 2628) had been properly posted, after a station had been called, and was injured in a collision with a derailed car, while standing with one foot on the step of his car, slowly coming to a stop, and it appears that he would not have been injured had he remained seated in the coach, an answer to the issue as to the defendant's negligence in its favor, under a proper instruction as to the defendant's liability under the circumstances, including the principle as to the proximate cause, is a finding that the plaintiff's negligence was the proximate cause of the injury.

APPEAL by plaintiff from *Bond, J.,* at March Term, 1918, of DURHAM.

*Bryant & Brogden for plaintiff.*
*W. B. Rodman and W. B. Guthrie for defendant.*

CLARK, C. J. The plaintiff, a passenger on the eastbound train from Raleigh to Norfolk, had paid his way to Farmville, N. C. At Stantonsburg, a small station, just before reaching Farmville, where there was a pass-track, the plaintiff got out on the platform and on the left side of the train, which was on the opposite side to the station, while his train was still moving, when a freight train coming west moved into the siding, pushing ahead of it three cars already on the siding, which ran over a section hand, thereby derailing the front box car, which was empty. This car, leaning over towards the main track, bouncing along on the ties, struck the side of the passenger coach, where the plaintiff was holding to the grab-iron as he stood on the platform, with one foot on the top step. This box car, striking the passenger train, broke some windows in the forward colored coach, the engine and baggage car passing safely, and knocked off the grab-iron which the plaintiff was holding, and the plaintiff received a slight scratch or wound on the hand. The coach in which plaintiff was riding was not injured at all—no windows broken and none of the passengers in any of the coaches were hurt, and plaintiff admits that if he had kept his seat in the car he would not have been hurt.

The court charged the jury, as requested by plaintiff, that "The mere announcement of the name of a station is not an invitation to alight; but when such an announcement is followed by a stoppage of the train soon thereafter, it is ordinarily notification that the train has arrived at the usual place for landing passengers, and under. such circumstances a passenger may reasonably conclude that it has stopped at the station and endeavor to get off, unless the circumstances and indications are such as to render it manifest that the train has not reached the proper and usual landing place."

"The court charges you that if you find from the evidence in this case, and the greater weight, that the train upon which plaintiff was riding was struck by an engine or box car owned and operated by the defendant, this would be negligence; and if this was the proximate cause of injury to the plaintiff, and you so find, you would answer the first issue 'Yes.' "

"If you find from the evidence in this case, and by the greater weight thereof, that the plaintiff was a passenger on the defendant's train, going from Raleigh to Farmville, N. C.; that he had not had breakfast, and as the train was approaching Stantonsburg the porter called out the station, and soon afterwards the train slowed down and came to a stop at the usual stopping place; that plaintiff, after the train stopped, stepped upon the platform of the train to get or seek something to eat; that he then caught the iron rails, or grab-irons, for the purpose of alighting, and while in this position a derailed car on a pass- or side-track was run or pushed by the defendant against the passenger train upon which the plaintiff was traveling, and thereby caused the injury to the plaintiff, this would be negligence on the part of the defendant; and if this was the proximate cause of injury to the plaintiff, and you so find, you will answer the first issue 'Yes.' "

The court then instructed the jury that the Legislature had seen fit to enact the following statute (Revisal, 2628) with reference to passengers riding on the platform of trains: "In case any passenger on any railroad shall be injured while on the platform of a car, or on any baggage, wood, or freight car, in violation of the printed regulations of the company posted up at the time in a conspicuous place inside the passenger cars, then in the train, such company shall not be liable for the injury, provided said company at the time furnish room inside its passenger cars sufficient for the proper accommodation of its passengers."

The evidence was uncontradicted, and the jury found that the defendant had complied with the statute by posting up in a conspicuous place the required notice forbidding passengers to ride upon the platform while the train was in motion, and that there was room within the car for the accommodation of the plaintiff and all other passengers. The court correctly told the jury that it was immaterial whether the plaintiff

was a Hebrew and read Yiddish, but could not read English, for the statute did not require the notice to be printed in any other language.

In *Shaw v. R. R.,* 143 N. C., 312, it was held that, though the plaintiff stepped out on the platform under a *bona fide* belief that the train was not moving, and a reasonably prudent person, under similar circumstances, would have so believed, yet, if in fact the train was still moving, the plaintiff could not recover damages sustained by a sudden and violent jerking of the train, which would not have caused the injury if the passenger had remained in the car till the train actually stopped. In *Wagner v. R. R.,* 147 N. C., 315, commenting on *Shaw v. R. R.,* it was held *prima facie* negligence to ride on the platform of a moving train after a station is called, but before it has come to a stop or very nearly so.

- This is not the case of stepping off a slowly moving train by the invitation of the conductor, as in *Nance v. R. R.,* 94 N. C., 619, and cases cited thereto in Anno. Ed.

In *Wallace v. R. R.,* 174 N. C., 171, it was held that the railroad company is not relieved of the requirement of a high degree of care to a passenger who steps off the train during a stop at an intermediate station, even though without notice to the conductor and for purposes of his own. The jury were so instructed in this case by the court giving the prayer of the plaintiff to that effect.

The jury found as to the second issue that the train was still moving when the plaintiff was hurt, and that he was on the platform in violation of the statutory notice in the car. It being admitted by the plaintiff that he would not have been hurt if he had remained in the car till the train stopped, the finding of the jury on the first issue that he was not injured by the negligence of the defendant, taken in connection with the charge, is a finding that the negligence of the defendant was not the proximate cause of the injury.

The exceptions as to contributory negligence and on other grounds are therefore immaterial.

No error.