ALFRED STOUT, et al., Respondents, *v.* LEWIS M. SMITH, Appellant.

The fact that one of the parties to a contract is an attorney and that he offers to and does draw the necessary writings without charge, does not

establish the relationship of attorney and client between them or impose upon the attorney the duties and obligations of that relationship, or raise a presumption of fraud as against him.

Nor do these facts, or the inference which may be drawn from the nature of his business that by reason of superior experience, sagacity and shrewdness he may have exercised some control over the other party, and so have obtained an advantage in the contract, establish or justify a finding of undue influence; there must be evidence showing some confidential relationship or intimacy between the parties.

(Argued December 10, 1884; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 10, 1882, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*David B. Hill* for appellant. A lawyer, especially one not in active or general practice, has the right to make bargains and purchases, and to act as scrivener between parties, and there can arise no presumption of undue influence, such as exists where the strict relation of attorney and client exists. (*Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 343.) It was error to permit the plaintiff, Alfred Stout, to swear to the fact that he placed all confidence in the defendant. That was a question of fact to be determined by the jury under all the circumstances of the case. It was not a question to be determined by the witness himself. (*Fiedler* v. *Darrin*, 50 N. Y. 438; *Newell* v. *Doty*, 33 id. 83; *Waugh* v. *Fielding*, 48 id. 681; *Denman* v. *Campbell*, 7 Hun, 88; *Keller* v. *Richardson*, 5 id. 352; *Nichols* v. *Kingdom Iron Ore Co.*, 56 N. Y. 618; *Learned* v. *Ryder*, 61 Barb. 552.) A witness must have knowledge of the property in reference to which he testifies, and such knowledge must be of the date of which he assumes to speak. (*Westlake* v. *St. Lawrence M. Ins. Co.*, 14 Barb. 206; *Fowler* v. *County Com'rs of Middlesex*, 6 Allen, 93; *Clark* v. *Baird*, 5 Seld. 183, 196; *Robertson* v. *Knapp*, 35 N. Y. 91; *Thorn* v.

Opinion of the Court, per MILLER, J.

*Couchman*, 28 How. Pr. 95 ; *Dixon* v. *LaFarge*, 1 E. D. Smith, 722 ; *Hagadorn* v. *Conn. M. L. Ins. Co.*, 22 How. 249 ; *Reynolds* v. *Robinson*, 64 N. Y. 58 ; *Teerpenning* v. *Corn Ex. Ins. Co.*, 43 id. 279 ; *Sunderlin* v. *Wyman*, 1 Thomp. & Cook, 17 ; *N. Y., L. E. & W. R. R. Co.* v. *Turner*, 14 Week. Dig. 379.)

*Rufus King* for respondents. It was not error to permit the plaintiff, Alfred Stout, to answer the question put to him as to placing confidence in defendant. (*Ring* v. *Fitch*, 2 Abb. Ct. of App. Dec. 508.) The witness, Pagett, was fully competent to give an opinion as to the value of farms, as he owned this particular farm in 1876, and might have seen it before he bought it. (*Bedell* v. *L. I. R. R. Co.*, 44 N. Y. 367 ; Whart. on Ev. [2d ed.], § 446 ; *Jarvis* v. *Furman*, 25 Hun, 391 ; *Judson* v. *Easton*, 58 N. Y. 664 ; Abbott's Trial Ev. 310.) If it was claimed that the witness was about to express an opinion founded on Fitch's testimony, or that of any other witness, he could have asked Pagett about it, have shown the exact fact and then have asked the question that was put. (*Seymour* v. *Fellows*, 77 N. Y. 180 ; *S. C.*, 44 Supr. Ct. 128 ; *McCullom* v. *Seward*, 62 N. Y. 316 ; *Whiton* v. *Snyder*, 88 id. 299 ; *Whitbeck* v. *N. Y. C. R. R. Co.*, 36 Barb. 644.) The rights of the plaintiffs as between themselves are not affected by the assignments. The claim was assignable. Alfred had power to assign and the administratrix power to take. (*Valentine* v. *Belden*, 20 Hun, 537 ; *Lockman* v. *Reilly*, 95 N. Y. 64 ; *Clark* v. *Clark*, 8 Paige, 152 ; *Cook* v. *Ryan*, 29 Hun, 249.)

MILLER, J. This action was brought to recover damages on account of fraud arising out of various transactions in the exchanging or sale of farms between the defendant and Alfred and Andrew Stout, the latter being now dead. Alfred and Andrew were colored people, and owned a farm in the town of Hector, Schuyler county, together with personal property, and it is claimed that the defendant defrauded them out of this farm and property. The principal acts, constituting the trans-

actions between the parties, consisted of the sale of this farm in Hector, to the defendant, by his obtaining from the Stouts a deed of the same; the sale to them by written contract of defendant's farm; the surrender of this contract afterward, and the sale back to them in 1872 of the Hector farm by a written contract with defendant; the surrender of this contract; the alleged fraudulent settlement in the spring of 1873, and the sale of the Stout farm at that time by defendant to a third person.

The complaint alleges that all the dealings and transactions between the defendant and the Stouts, above referred to, were fraudulent and dishonest; that they were all part of a scheme on his part to cheat and defraud Alfred and Andrew out of their property, and were all done by defendant for that purpose; that by these means he did cheat and defraud them out of all their property; that Alfred and Andrew signed papers for defendant without reading them, and that they signed some paper relating to the personal property on said farm, which paper was fraudulently obtained by defendant, and may have signed other papers to defendant, which, if so, were also procured by fraud; that the defendant could get them to sign any paper he wished to. The complaint contained allegations of other fraudulent acts, and claimed damages by reason of the fraud and deceit practiced.

The trial of the cause involved an inquiry into the various transactions between Alfred and Andrew Stout, and the defendant, and evidence was introduced by the plaintiffs to establish the fraudulent acts alleged, and by the defendant in contradiction of the same. After the close of the testimony the judge charged the jury, reviewing the facts and responding to various requests made by the counsel for the appellant. Among other things he was requested to charge, "that there is not sufficient evidence of undue influence to justify the jury in relieving the Stouts from their contracts upon that ground." This request was refused and an exception taken. The judge was also requested to charge, "that there is not sufficient evidence that on June 30, 1871, the relation of attorney and client

existed between the defendant and the Stouts." This was also refused and an exception taken, and it is now insisted by the appellant's counsel that each of these rulings was erroneous.

As the determination of the question arising under the first request depends somewhat upon the disposition made of the last request the latter will be first considered.

We think there was no sufficient evidence that the relationship of attorney and client existed between the defendant and the Stouts. Although the defendant was an attorney at law, his principal business was that of a banker, and he did not practice law to any great extent, only making collections for his bank, and occasionally for others. There is no positive evidence that he was employed by the Stouts, as their attorney in these transactions, or that he ever received any pay for his services as such attorney, or that he was ever employed by them in any litigation. On the contrary, it is proved by one of the Stouts himself, that he was the attorney against them in the foreclosure of a mortgage. The evidence, which it is claimed shows that this relationship existed, is within a narrow compass as will be seen by a brief reference to the same. Alfred Stout, after stating that defendant had never been employed by him as an attorney up to the time of the transactions in question, testified that the defendant did all the writing between them and stated that it would not cost the Stouts any thing, and that they need not carry the papers to any body else to show them, because they were right; that he claimed to be a lawyer, which fact the witness knew, and said he would not wrong them out of a cent. Lydia Stout, the widow of Andrew, deceased, who was present at the time mentioned by Alfred, states that she heard no more about his being a lawyer than that he claimed that he was when he wanted to draw up the papers; that he was a lawyer and his writing should not cost him any thing; that he was a lawyer and could do the business.

This evidence taken together does not establish that the relationship of attorney and client existed between the parties. The fact that the defendant was an attorney, and that he was will-

ing to do all the writing without compensation, is not enough to show the existence of such a relationship. The papers which were drawn were in proper form, and no legal advice was required in regard to the same. No advice was offered or obtained, and the defendant never received a retainer or agreed to act as attorney for the Stouts. It nowhere appears that he assumed the obligations of a professional man in these transactions, or that the Stouts regarded him as acting in that capacity. He was merely engaged as an individual in making a bargain for the sale or exchange of real estate, and evidently drew up the papers gratuitously without assuming to act as attorney for the Stouts. The defendant, as an individual, had a perfect right to make a bargain with the Stouts as he did, and draw up the papers without charge, and he did not thereby necessarily place himself in the position of the attorney or adviser of those with whom the bargain was entered into. If he, in these transactions, gained any advantage, it did not arise from the relationship of attorney and client, but from the fact that he was dealing with persons of less capacity than himself to make a bargain or transact business. He may have been chargeable with deceit and fraud, and therefore liable if they were proved against him, but under the circumstances there seems to be no valid ground for the contention that he was liable for a violation of his duty in a professional capacity. As the case stood, there was not sufficient evidence to establish the fact that the relationship of attorney and client existed between the defendant and the Stouts, and that question was improperly submitted to the consideration of the jury.

We are also of the opinion that the court erred in submitting the question of undue influence to the jury. As the relationship of attorney and client did not exist between the defendant and the Stouts, it is difficult to see upon what ground it can be claimed that undue influence was exercised over them in the transactions between the parties. Undue influence is generally understood to constitute the power which one party wrongfully exercises over another in attempting to control the judgment and influence the action of such other person for the

benefit of himself. The evidence in this case does not show any such confidential relationship or intimacy between the parties as would authorize the conclusion that the defendant improperly influenced the Stouts in the transactions he had with them. Nor is it apparent from the position he occupied, that the defendant possessed the power to induce the Stouts to act against their own interest, or that any such control was exercised by him. Alfred and Andrew were possessed of ordinary intelligence, could read and write, and had an opportunity to examine, or to have examined, the papers which passed between them and the defendant, and there is no evidence in the case which tends to establish that in the various transactions between the parties they were induced by the defendant, by means of undue influence, to act in opposition to what they supposed was for their own benefit. The fact that the defendant was engaged in a business from which it may be inferred that he was better qualified to make bargains and to obtain advantages by reason of his capacity, shrewdness and superior ability, does not of itself lead to the conclusion that any advantage was obtained by means of undue influence. He may have deceived and he may have defrauded the Stouts in his dealings with them, but it cannot, we think, be maintained that he did so through any improper influence employed for that purpose. A person of great intelligence, experience and adroitness in business affairs will naturally have an advantage over one more ignorant and less qualified to engage in such matters, and the superior mind must necessarily exercise more or less control over the inferior, but this is not undue influence. If a man deals dishonestly, and is chargeable with fraud and deceit in his transactions, he is liable to answer on that account. Such conduct, however, in the absence of any definite and established relation of confidence, does not furnish any valid legal ground for setting aside a contract in an action for the recovery of damages by reason of undue and improper influence exercised over the party with whom he has been dealing. The evidence given upon the trial mainly bore upon the question of fraud and deceit practiced by the defendant upon the Stouts, and as the

facts developed did not establish undue influence, they do not require an elaborate examination. It is sufficient to say that, in view of the evidence, a case involving the principle of undue influence does not arise, nor was it proper to present any such question to the consideration of the jury.

Several questions as to the admissibility of evidence were raised upon the trial, but inasmuch as a new trial must be granted for the reasons already stated, it is not necessary to consider them.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, RUGER, Ch. J., and EARL, J., on first ground.

Judgment reversed.