W. G. NANCE AND WIFE v. THE CAROLINA CENTRAL RAILROAD
COMPANY.

*Carriers of Passengers—Negligence—Cohtributory Negligence—
Demurrer—Complaint.*

1. It is not contributory negligence *per se,* for a passenger to alight from a train
   which has almost come to a full stop, at a regular passenger depot.

2. It is negligence in a railroad company, if its engineman suddenly and violently
   moves a passenger train, at a time and place where passengers may be
   expected to be getting on and off the train, and this is so, although the train
   has not come to a full stop, but is very slowly moving.

3. Although the allegations in a complaint are indefinite, yet if it contains facts
   sufficient to give the defendant such information as will enable him to intel-
   ligently make his defence, the complaint is not demurrable. If necessary,
   the Court will order the plaintiff to make the allegation more specific.

(*Lambeth* v *The Railroad,* 66 N. C., 494; *Turrentine* v. *The Railroad,* 92 N. C., 683;
*Manly* v. *The Railroad,* 74 N. C., 655, cited and approved).

CIVIL ACTION, heard upon demurrer, by *Avery, Judge,* at
Spring Term, 1886, of the Superior Court of CLEVELAND
county.

The complaint was as follows:

"The plaintiffs complain and allege:

1. That the defendant is a corporation, created, organized and
doing business, under the laws of the State, under the name
aforesaid, and at the time hereinafter named being such corpo-
ration, was a common carrier of passengers for hire, between the
town of Shelby in the county of Cleveland and a depot or sta-
tion in said county on the line of said road called Waco.

2. That on or about the 14th day of June, 1884, said defen-
dant received the *feme* plaintiff, M. M. Nance, into its car for the
purpose of carrying her therein, as a passenger from Shelby to
Waco for the sum of twenty-five cents, paid to it by the said
*feme* plaintiff; and the said *feme* plaintiff expressly notified the
conductor of the defendant's train, at the time of paying the
fare charged, that she wished to stop and get off the train at said

depot or station, Waco, and the said conductor promised and agreed that the train would be stopped and she allowed to get off at Waco.

That the said Waco is a regular station or stopping place for passengers to get on and off of the trains of the defendant.

"4. That on said day and while the said *feme* plaintiff was a passenger on the defendant's train, having paid the fare as aforesaid, the whistle of the defendant's engine sounded the usual signal for stopping at Waco, being near thereto, at the usual place, and the *feme* plaintiff, relying upon the custom of the defendant and the express promise and agreement of the conductor of the train, made to and with her as aforesaid, and after the train commenced slacking its speed, prepared to get off of the train at Waco, and went to the rear of the car, and believing and having sufficient cause for believing, as aforesaid, that the car would be stopped at the usual place of stopping, the car having already slackened its speed to nearly a full stop, and when there was no real or apparent danger in her doing so, she went out on the rear platform of the car for the purpose of getting off, and perceiving that the car had reached the usual place of getting off and had come to almost a full stop and where it was safe and without danger for her to do so if there had been no default or carelessness on the part of the defendant, the female plaintiff attempted to step from the platform of the car to the said depot platform; but as she stepped, or was in the act of stepping the speed of the train, in violation of the agreement of the conductor and the reasonable expectation of the *feme* plaintiff, and the usual custom, was negligently, carelessly, wilfully and suddenly increased instead of stopping, and in fact not stopping at all, by which said sudden, violent, careless and negligent and unexpected increase of speed, the *feme* plaintiff was violently thrown from the train to the ground and was thereby seriously and permanently injured in her person, to-wit: her side back and breast were bruised, her hip joint was dislocated, the pelvis bone broken, her womb was badly injured, and she received other

internal injuries, by reason of which many wounds and injuries she has become a permanent invalid or nearly so.

5. That the male and female plaintiffs at the time of the said injuries and now are husband and wife.

Wherefore the plaintiffs demand judgment against the defendant for ten thousand dollars.

"For a second cause of action the plaintiffs complain and allege:

1. That the allegations and facts stated in the first, second, third and fifth paragraphs of the first cause of action are true, and are therein made part of the second cause of action as though specifically stated.

2. That the defendant, in violation of its contract and in disregard of its usual custom and duty, refused and failed to stop its train at Waco a sufficient time for the female plaintiff to get off said train, but carelessly, negligently and wilfully passed by said depot or station without stopping, to the great damage of the plaintiffs, to-wit: five hundred dolllars.

"Wherefore plaintiffs demand judgment for five hundred dollars."

To this complaint the defendant demurred as follows:

"The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that:

"1. That the complaint shows upon its face (article 4 of first cause of action) that *feme* plaintiff was guilty of contributory negligence at the time of the alleged injury, in that her jumping from defendant's car while the same was in motion, and without the instruction so to do of defendant or its agent, was the proximate cause of the alleged injury to her.

"2. That complaint in first cause of action fails to specify and describe the nature and character of the injury complained of with sufficient particularity.

"3. That complaint in second cause of action is too vague and uncertain, also in that it does not allege or describe the nature or

character of the injury complained of, nor how the alleged damages arose, nor whether because of injury to the person of the plaintiff W. G. Nance, or to the person of the *feme* plaintiff, and is generally too vague, indefinite and uncertain.

"4. That no part of said complaint described with sufficient particularity how or in what manner the alleged injury or damage occurred, nor the nature and extent thereof.

"5. That there is now another action pending in this court returnable to the same term growing out of the facts set forth in the complaint in this cause."

His Honor overruled the demurrer, and gave judgment that the defendant answer, from which it appealed.

*Mr. W. P. Bynum,* for the plaintiffs.
*Mr. John Devereux, Jr.,* (*Messrs. A. Burwell* and *P. D. Walker* also filed a brief,) for the defendant.

MERRIMON, J.   For the purpose of deciding the questions of law raised by the demurrer, the facts alleged in the complaint must be taken as true, and so accepting them, we are of opinion that the demurrer was properly overruled.

It was the obvious duty of the defendant to stop its train at the station named, and permit the plaintiff to get off safely. The usual signal for stopping there was given, and the speed of the train was slackened, preparatory to a stop.    It was proper— certainly not negligent on her part—at the signal, to prepare to get off the train promptly, and as its speed grew slower and yet slower, until it came *nearly—almost, to a full stop,* to go out of the car on its platform, and step to the platform of the depot, if the latter was conveniently near for this purpose, as it seems, from the pleadings, it was.   By *nearly—almost—to a full stop,* is meant very slow, a slight, gentle, creeping movement—one perceptible, and yet not such as would jerk, jostle, shake, embarrass, or cause an ordinary person to stagger, stumble, or fall, in stepping along in a car, or off one to a conveniently near platform,

or to the ground, at a convenient place. A person of ordinary prudence and strength, could easily and safely step along in, and off, a car so moving, without encountering necessary or probable peril. It might not be very cautious to do so, but surely it would not be such lack of caution and care, as to be negligence, or contributary negligence, as contended by the appellant. Very certainly, it would not be negligence *per se.*

Moreover, the station named was a regular stopping place, at which passengers got on and off the passenger trains of the defendant. The conductor of the train was expressly informed that the *feme* plaintiff desired to get off there, and he promised that the train should stop, so that she might do so. She had the right to expect that the conductor would see that she got off safely. The train stopped only in the way described—that is, by coming *nearly—almost to a full stop.* Why such stop ? The reasonable inference was, that it was intended by such stoppage to let passengers get on and off the train ; at least, the *feme* plaintiff might draw such inference. There was, therefore, at least an implied suggestion from the conductor, that she could do so. She might reasonably act upon the faith of such suggestion. She had the right to believe that she could get off safely and properly, and as she had such right, to attempt to get off as she did, was not contributory negligence on her part.   *Lambeth* v. *Railroad Co.*, 66 N. C., 494 ; *Turrentine* v. *Railroad Co.*, 92 N. C., 638 ; *Manly* v. *Railroad Co.*, 74 N. C., 655 ; *Bircher* v. *Railroad Co.*, 98 N. Y., 28.

The principal allegation of negligence is, not that the train was not completely stopped, but that while the *feme* plaintiff stepped, or was in the act of stepping, from it to the dépot-platform, as she might reasonably do, the speed of the train was negligently, violently and unexpectedly increased, whereby she was violently thrown from the car to the ground and injured. This is the substantial ground of complaint. Such sudden, violent and unexpected movement of a train, while passengers are getting on and off a car, is negligence, whether the train be completely stopped, or creeping along. The almost uniform and necessary

effect of such movement, is to throw passengers off their balance, and frequently to loose them from such supports as they may have, and cast them headlong to the ground, or against a wall or post. The defendant was bound to guard against such sudden or violent movement of its train, at the time and place indicated, and as it did not, it must be held responsible for the consequences.

The allegation of injury in the complaint, might have been more definite and specific, but it is such as that the Court can see the nature of the injury—that it is serious, and such as would naturally much endamage the plaintiff. It gives the defendant such information as will enable it to make any defence it may have. This is sufficient. A material allegation so made is not demurrable. It might be, that the Court would, on proper application, if need be, require the allegation to be made more specific.

The second cause of action is very informally alleged, but we think that the demurrer as to it cannot be sustained for the causes assigned.

Taking the allegations of paragraph two, in connection with the allegations of the first cause of action, referred to in paragraph one, a cause of action is informally, in substance, stated. This cause of action is not that the *feme* plaintiff sustained physical injury, but that the defendant failed to stop and let her get off the train, as it engaged and was bound to do. This is the allegation embodied, not in very apt words, and surrounded by some redundancy in the allegation, in the second paragraph, aided by the other allegations referred to.

That the allegations of the second cause of action are not stated, as required by the rule of this Court, (Rule VIII, §2), is not assigned as cause of demurrer. What effect this may have in the further progress of the action, unless the defect shall be remedied, remains to be seen.

Let this opinion be certified to the Superior Court, that further proceedings may be had in the action according to law. It is so ordered.

No error.                                                    Affirmed.