C. W. HODGES v. THE SOUTHERN RAILWAY COMPANY.

*Action for Damages—Railroads—Injury to Passengers—Stepping from Train—Negligence and Contributory Negligence.*

Where, in the trial of an action for damages, it appeared from the testimony of plaintiff, who was a passenger on defendant's train, that after the name of the station at which he was to stop had been called, at night, and the porter had opened the door, plaintiff went out on the steps while the train was still moving, and that the porter .then said, "All right, sir," and that plaintiff then stepped off, not knowing that the train was moving, and was injured ; *Held*, (1) that the evidence was sufficient to be submitted to the jury to show defendant's negligence, and (2) that such testimony showed that the plaintiff was not chargeable with contributory negligence.

CIVIL ACTION, for damages, tried before *Norwood J.*, and a jury, at March Term, 1897, of MECKLENBURG Superior Court. At the conclusion of the testimony his Honor expressed · the opinion that in no aspect of the testimony could the plaintiff recover, and in deference thereto plaintiff submitted to a non-suit and appealed.

*Messrs. Burwell, Walker & Cansler*, for plaintiff (appellant).
*Mr. George F. Bason*, for defendant.

DOUGLAS, J.: In this case, the court below, at the close of the evidence, having intimated an opinion that the plaintiff was not in any aspect of the evidence entitled to recover, the plaintiff excepted and submitted to a non-suit. We think there was error.

Taking the evidence of the plaintiff as true, and it must be so taken for the purpose of this appeal, there was sufficient evidence to go to the jury as to the negligence of the defendant. Viewed in the light of the same testimony,

the action of the plaintiff was not contributory negligence *per se.* His station having twice been called he went to the front end of the car to get off. The porter opened the door for him, and the plaintiff stepped down to the last step of the car. While the plaintiff was standing there, the porter, who was standing behind him with a light, said "All right, sir." The plaintiff then stepped off and was injured. Under the circumstances the plaintiff had a right to suppose that the remark of the porter was addressed to him, and he was not necessarily negligent in acting upon it. It was dark, and he could not tell whether the train was moving. The porter must have known that the plaintiff was standing there for the purpose of getting off at the proper time, and if the expression "All right" meant anything, it meant that all was right for him to get off. It was not only an implied invitation to get off, but it was equivalent to an assurance that he could safely do so. There was, therefore, no negligence *per se,* if any at all. *Lambeth* v. *Railroad,* 66 N. C., 494; *Nance* v. *Railroad,* 94 N. C., 619; *Watkins* v. *Railroad,* 116 N. C., 961; *Hinshaw* v. *Railroad,* 118 N. C., 1047.

We have considered only the plaintiff's evidence, with such of the defendant's evidence as was favorable to the plaintiff, and this is all that could properly have been considered by the court below, otherwise the court would have been compelled to pass upon the *weight* of the evidence, which is exclusively within the province of the jury. *Wittkowsky* v. *Wasson,* 71 N. C., 451; *State* v. *Powell,* 94 N. C., 965; *State* v. *Chancy,* 110 N. C., 507; *Spruill* v. *Ins. Co.,* at this term.

For error in the intimation of his Honor a new trial is ordered.

New Trial.

FAIRCLOTH, C. J., dissents.