J. H. DARDEN v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 19 February, 1907).

1. **Negligence—Notices in Car—"Invitation" to Platform.**—It is not negligence on the part of a passenger on a railroad car wherein is posted notices reading, "Passengers will not occupy the platform while the train is in motion," to leave his seat and go upon the platform of the car for the purpose of getting off at his destination, when the train had slowed down almost to a complete stop, and "All off!" had been called out by the conductor.

2. **Proximate Cause—Duty of Brakeman to Alighting Passenger.**—When the brakeman on the train saw, or could have seen, a passenger in the act of alighting from the car of a slowly moving train at his destination, and signaled the engineer to "go ahead," and in consequence of which the passenger was injured by the sudden jerking forward of the train, the proximate cause of the injury was the negligence of the brakeman.

3. **Duty of Brakeman to Alighting Passenger.**—When a brakeman on a train saw a passenger alighting from a car at his destination, it was his duty to see that the passenger had already descended to the ground before signaling the engineer to "go ahead."

CIVIL ACTION, tried before *Neal, J.,* and a jury, at August Term, 1906, Superior Court of HALIFAX County.

144—1                                          1

This action was brought to recover damages for an injury received by the plaintiff while alighting from defendant's train.

The plaintiff testified that he boarded the train at Scotland Neck, and had a ticket for Springhill, his destination. The conductor took up the ticket and informed the brakeman that he had a passenger for Springhill. The signal blowed for the station of Springhill and the train slowed up and almost came to a stop. Some one called, "All off for Springhill!" and he got up from his seat near the door and stepped out upon the platform. It was a very dark night, and while he was in the act of getting off the car steps to the ground the brakeman, standing near, threw up his lantern and called, "All off for Springhill!" The engineer opened his throttle and the train jerked off.

It was in evidence by defendant's witness that there were three notices posted up in the car, one on each side and one at the door, reading: "Passengers will not occupy the platform while the train is in motion." There was also evidence in contradiction of the plaintiff's testimony as to the speed of the train at the time in question, and that the one who first called the station of Springhill was the conductor.

*Daniel, Travis & Kitchin* for plaintiff.
*Day, Bell & Dunn* and *Murray Allen* for defendant.

BROWN, J. We have examined with care each of the exceptions set out in the record, and think they are without merit, but do not deem it necessary to notice them *seriatim*. The argument, as well as brief, of the learned counsel for the defendant was largely devoted to an attempt to show that the recent case of *Shaw v. Railroad*, 143 N. C., 312, is a controlling authority as to this case. We are of opinion that there is a marked difference between the two.

In *Shaw's case* it was not intended to absolve the company from liability for the negligent act of its servant or to overrule the principle laid down in *Hodges v. Railroad,* 120 N. C., 555; *Cable v. Railroad,* 122 N. C., 892; *Watkins v. Railroad,* 116 N. C., 961, and similar cases. The Court, not intending to overrule its decisions in the above-cited cases and many others of like import, was careful to distinguish the *Shaw case* by observing, "nor did she go out (on the platform) at the invitation of the defendant's agent," and further on by adding, "There is no suggestion that the conductor was upon the platform and no evidence that the plaintiff was invited to go there preparatory to leaving the train."

In the case at bar the evidence of the plaintiff tended to prove that he boarded the defendant's mixed train at Scotland Neck for Springhill; that the conductor, when he took up his ticket, told the brakeman to stop at Springhill; that when the train had almost come to a complete stop, the plaintiff got up from his seat preparatory to getting off; that some one called out, "All off for Springhill!" That he went out on the platform and started to get off. The plaintiff further says: "Just as I was in the act of stepping off, one foot on the bottom step and the other ready to put to the ground, the brakeman threw up his lantern (it was dark) and hallooed, 'All off for Springhill!' The engineer opened his throttle and the train jerked off. He pulled it suddenly and threw me on the ground. It bruised and sprained my foot and I have been suffering from it ever since." The plaintiff further testified that throwing up the lantern is a signal for going ahead, and that at the time he undertook to alight, the train had "almost come to a stop."

It is useless to discuss the alleged negligence of the plaintiff in attempting to alight from a moving train, for, if his evidence is to be believed, the proximate cause of his injury in being thrown to the ground was the premature signaling to the

engineer by the brakeman to "go ahead." Had it not been for the brakeman's negligence, the plaintiff would doubtless have stepped safely to the ground. The brakeman knew that the plaintiff was to get off at Springhill, for the conductor had told him so. The brakeman had called out, "All off for Springhill!" and was at the steps, or near them, and could easily have seen the position of the plaintiff as he was alighting. The brakeman's carelessness and haste to "go ahead" was the palpable cause of the plaintiff's fall. It was his duty to see that his passenger had descended from the steps to the ground before signaling the engineer.

Affirmed.