### H. A. CHESSON v. WALKER & MYERS.

(Filed 19 February, 1908).

1. **Employer and Employee—Fellow-servant—Test.**

   The test of whether one is the fellow-servant of another is whether, in the employment of a common master, such other person is subject to his orders.

2. **Employer and Employee—Respondeat Superior—Causal Connection—Evidence.**

   The superior cannot escape liability under the defense that the injury was caused by a fellow-servant, without connecting the alleged fellow-servant with the cause of the injury.

3. **Same—Questions for Jury.**

   There is sufficient evidence of negligence to support a verdict for damages, when it appears that the master's duly authorized agent ordered an inexperienced youth, employed to perform duties comparatively without danger, to do a dangerous act, without instructing him how to do it and informing him it was without danger.

CIVIL ACTION to recover damages for an injury received by plaintiff in putting a belt on the driving wheel at defendants'

mill, tried at Spring Term, 1907, of the Superior Court of WASHINGTON County, before *W. R. Allen, J.*, and a jury.

The usual issues of negligence, contributory negligence and damage were submitted, which were found against defendants. From the judgment rendered the defendants appealed.

*W. M. Bond* and *S. B. Spruill* for plaintiff.
*A. O. Gaylord* for defendants.

BROWN, J. The evidence tends to prove that plaintiff, a minor, about nineteen years of age, was employed at defendants' sawmill to "run on the tail end of a log carriage, to steady the log on the carriage and to set the dogs"; that he was totally inexperienced in adjusting or operating machinery, and that the only mill work he had ever done was to run on the log carriage. He was ordered by Hall, the sawyer, to go below and place the belt on the driving wheel, as it had become displaced. Hall gave plaintiff no instructions how to proceed, and told him there was no danger. The plaintiff was entirely inexperienced and had never adjusted a belt. In readjusting the belt the plaintiff's hand was badly hurt by the small pulley.

At the close of the evidence defendants moved to nonsuit, and the motion was overruled.

1. Was plaintiff hurt by the negligence of a fellow-servant? The uncontradicted evidence proves that Hall was not a fellow-servant of plaintiff, but that plaintiff was placed under Hall and was subject to his orders. It therefore follows that, so far as plaintiff is concerned, the defendants are liable for Hall's negligence in not instructing him, an inexperienced youth, in the work he was directed to do. The test is not Hall's right to hire or discharge plaintiff, but whether Hall was entrusted by defendants with the discharge of duties they owed plaintiff. *Tanner v. Lumber Co.*, 140 N. C., 479.

Nor does the evidence show that plaintiff was injured by the negligence of Towe, admittedly a fellow-servant. The

latter was directed to clean out the chain, not for the purpose of aiding plaintiff in putting on the belt, but to prevent the belt running off again after it was put on the driving pulley. The belt was on the little pulley and had slipped off the big pulley. Plaintiff's hand was caught in the lap of the belt before he could get it on the big pulley, and he was thrown to the little pulley and his hand hurt there.

2. The position that there is no evidence of negligence is untenable. The plaintiff was an inexperienced youth, employed to sit on the log carriage and hold the log steady, and then to set up the dogs to hold it in place—an occupation attended with little danger. He had never placed a belt upon the running pulley—a dangerous performance, evidently requiring some experience or instruction to do it with comparative safety. He was sent to do this work on the floor below, without previous instruction, and informed there was no danger in it by the man whose orders he was required to obey. This was evidence of negligence to be submitted to the jury. *Jones v. Warehouse Co.,* 138 N. C., 546, and cases cited.

We find nothing in the record warranting another trial.

No Error.