### J. S. AVERY v. WEST LUMBER COMPANY et al.

(Filed 4 March, 1908).

1. **Employer and Employee — Negligence — Evidence — Safe Appliances.**

     Evidence is sufficient upon the question of negligence which tends to show that plaintiff was unused to sawmilling machinery, and, under the direction of one having authority, and whom he felt compelled to obey, while attempting to oil a running saw with a bottle, which was customarily used for the purpose, fell, so that his arm was cut off.

2. **Same—Duty of Employer.**

     The master owes a duty to his employees to furnish proper tools and appliances; and where, in the discharge of his duties, the plaintiff was compelled to use a bottle in oiling the saw machinery at defendant's lumber mill, the defendant having failed to furnish an oil can with which this could have been safely

done under the circumstances, and, in doing so, fell upon the saw, resulting in the loss of his arm without fault on his part, the defendant is liable in damages.

### 3. Employer and Employee—Respondeat Superior—Damages.

The defendant is responsible in damages for an actionable wrong committed upon a fellow employee by one under whose direction he was employed to work.

### 4. Same—Safe Appliances—Questions for Jury.

When the court below has correctly charged upon the question of contributory negligence in the plaintiff's assuming, under the direction of one having authority, to get upon the machine and oil a running saw at defendant's mill, and as to his using a bottle for the purpose when an oil can was the safe and correct implement, the verdict of the jury awarding damages as the result of defendant's actionable negligence will not be disturbed.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at Fall Term, 1907, of the Superior Court of CRAVEN County, to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant, at Dover, N. C., whereby the plaintiff lost an arm.

The court submitted these issues:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" Answer: "Yes."

"2. Was the plaintiff guilty of contributory negligence?" Answer: "No."

"3. What damage is plaintiff entitled to recover?" Answer: "Two thousand dollars."

From the judgment rendered the defendant appealed.

*W. W. Clark* and *D. L. Ward* for plaintiff.
*Davis & Davis* and *W. D. McIver* for defendants.

BROWN, J. We have considered the several exceptions and assignments of error set out in the record, and are of the opinion that no error has been committed which warrants us in directing another trial. Neither do we think that an extended discussion of exceptions would be of special value

146—38

as a precedent. His Honor seems to have carefully followed the well-settled principles of law applicable in cases of this character. The matters in dispute are largely those of fact, and the jury appear to have been impressed with the plaintiff's version of them. He offered evidence tending to prove that he was employed by the defendant to work in its lumber mill at Dover. He had been working around the mill about a year, on the outside, hauling slabs, and was an ordinary, green hand, with no knowledge of machinery. He was ordered to help Kennedy around the edger, inside the mill, and had been working there for about two days when his arm was cut off by the saws of the edger. He was ordered to work under Kennedy, who was boss of the machine. Kennedy told him to oil the machine, or that the machine needed oiling, and he testified that he felt compelled to obey, or lose his job. There was no oil can, commonly called "squirt can," at the edger, and the only thing he could find to oil the machine with was a half-gallon bottle. He could not oil the edger with this bottle without climbing up on the machine and leaning over it, as the mouth of the bottle was large, and he had to get close to the edger. The opposite side of the machine was blocked up with slabs, and he could not get up on that side. Kennedy was standing within three feet of him and saw him get the bottle and climb up on the machine, and did not warn him, although he knew Avery was a green hand and had only worked on the machine about two days. Kennedy had oiled the edger with the same bottle that morning and had used it repeatedly before that time, in the presence of the plaintiff, for a similar purpose. Plaintiff also offered evidence to the effect that a person could not stand on the side of the machine and lean over and hold a bottle in his hands and pour oil in the proper place; that he could safely stand on the ground and oil the machine with the usual "squirt can," but not with a bottle; that the only way he could oil with the bottle was to get on the machine; that when he got on the machine he slipped, and his arm was cut off.

There was evidence tending to prove that plaintiff had been put under Kennedy, who also testified, in part, that he was standing about three feet from the plaintiff at the time of the injury, saw him get up on the table of the edger with the bottle in his hands, and that there was no oil can at the edger; that he did not warn plaintiff of his danger; that he had oiled the edger that same morning with the bottle, and had also oiled it the day before with the same bottle, in the presence of Avery, and that he had oiled the planer, which was next to the edger, with this same bottle, in the presence of plaintiff, while the planer was running; that he had charge of the edger, and plaintiff was working there with him and did what he asked him to do.

The specific negligence of which plaintiff complains is that the defendant failed to furnish a safe and suitable appliance with which to oil the edger, and one in general use for such purpose. *Phillips v. Manufacturing Co.,* 59 S. E. Rep., 676. It has become elementary in the doctrine of negligence that the master owes a duty, which he cannot safely neglect, to furnish proper tools and appliances to his servant. *Shaw v. Manufacturing Co.,* 59 S. E. Rep., 676; *Phillips v. Iron Works, supra; Ward v. Manufacturing Co.,* 123 N. C., 248.

While the evidence may be conflicting, there is abundant proof to go to the jury that the defendant failed to furnish the necessary oil squirt can in common use for oiling such machinery, and that such negligence caused the injury to plaintiff. We do not mean to hold that it was defendant's duty to have squirt cans all over the mill, or that under ordinary circumstances a workman should not hunt for one, rather than use a bottle. That feature of the defense was submitted to the jury, under proper instruction. But the plaintiff's evidence tends to prove that he was a "green hand," placed under Kennedy's direction in operating the edger, and that he had seen the latter repeatedly use the same bottle in oiling the machine. The plaintiff had a right, therefore, to suppose that

the bottle was the appliance furnished by defendant for the purpose of oiling the edger, and that it was in common use for such purpose.    It is immaterial to determine whether, strictly speaking, Kennedy stood in the relation of vice-principal to the plaintiff or not.    Kennedy was his immediate "boss," in charge of the machine, where plaintiff was working under Kennedy's direction, and Kennedy had the right to direct him to oil the machine.    He did not oil it officiously, but in the line of duty, if his evidence is to be believed.    We think his Honor, therefore, very properly overruled the motion to non-suit.

Among other instructions, the court charged the jury that, if the injury was accidental and not caused by defendant's negligence, the plaintiff could not recover.    Upon the issue of contributory negligence, among other instructions, the court charged that "It was plaintiff's duty to be careful and guard against accidents, and if the jury find from the evidence that plaintiff knew the manner in which the edger machine ought to be oiled, or ought to have known that it was dangerous to get on top of the machine and pour oil down on the collars, and that by looking and by using ordinary care—that is, such care as a reasonably prudent man would use under like circumstances—he could have seen this danger, and failed to do so, then he was guilty of negligence, and the jury would answer the second issue 'Yes.' "

The charge of the court upon the issues, especially those as to negligence and contributory negligence, was unusually full and clear.    It presented correctly and intelligently to the jury every phase of the case.    To review it would be only to reiterate what has been so often stated in the opinions of this Court, which seem to have been carefully followed and applied. Upon an examination of the entire record, we find

No Error.