A. S. CRAVEN and A. S. CRAVEN, Next Friend, for T. W. Craven, v. THE WORTH MANUFACTURING COMPANY.

(Filed 24 November, 1909.)

1. **Master and Servant—Employee, Inexperienced—Latent Danger— Negligence.**

> The plaintiff is liable in damages for the act of the boss of his lapper room in directing an inexperienced minor, an employee over whom he had charge, to do certain work dangerous to him without further instructing him as to his duty, or as to dangers incident to it which would not be observable by an inexperienced, untrained workman.

2. **Nonsuit—Defendant's Evidence.**

> A motion to nonsuit predicated largely on defendant's own evidence will be denied.

APPEAL from *E. B. Jones, J.,* March Term, 1909, of RANDOLPH.

Civil action, to recover damages for injuries caused by alleged negligence on the part of the defendant company. The action was brought by T. W. Craven, a minor, suing by next friend, for injuries done to himself, and by T. W. Craven, the father, for damages by reason of loss of services during the minority of the son, and no objection was made by defendant to such joinder. The jury rendered the following verdict:

1. "Was plaintiff T. W. Craven injured by the negligence of the defendant, as alleged in the complaint?" Answer: "Yes."

2. "Did the plaintiff contribute to his own injury by his own negligence?" Answer: "No."

3. "What damage, if any, is plaintiff T. W. Craven entitled to recover?" Answer: "Nine hundred dollars."

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Hayes & Bynum* and *R. H. Dixon* for plaintiff.
*Hammer & Spence* and *Morehead & Sapp* for defendant.

PER CURIAM: There is no reversible error appearing in this case. The evidence on the part of plaintiff tended to show that T. W. Craven, a minor, between sixteen and seventeen years of age, and without experience in this work, was sent by his foreman and boss into the lapper room to learn to run the lapper, and for that purpose was placed under one Wiley Spivey, the boss of the lapper room; that soon after going into the room plaintiff was directed by Spivey to clean off the rollers, without further instructions as to his duty or the dangers incident to it, these dangers not being observable by an inexperienced, untrained workman; that in the effort to carry out the order, and owing to his lack of training and failure to receive proper instructions, plaintiff's hand was caught in one of the machines and seriously and permanently injured.

This testimony brings plaintiff's case within the principles declared in *Chesson v. Walker,* 146 N. C., 511, and *Avery v. Lumber Co.,* 146 N. C., 592, and other cases of like tenor. The objection chiefly assigned by defendant was the failure on the part of his Honor below to sustain his motion of nonsuit, but this motion was predicated largely on the defendant's evidence, which the jury have rejected. Under a charge free from error they have accepted the plaintiff's version of the occurrence, and, on the authorities cited, plaintiff's cause of action is clearly made out.

There is no error, and the judgment below is affirmed.
No error.