J. H. HORNE v. ATLANTIC COAST LINE RAILROAD CO.

(Filed 19 October, 1910.)

1. **Nonsuit—Evidence—How Considered.**

Upon a motion to nonsuit upon the evidence, the testimony must be considered in its most favorable light to the plaintiff.

2. **Master and Servant—"Green Hand"—Duty to Instruct—Negligence.**

A railroad company owes the duty to instruct a perfectly green and totally inexperienced hand employed to couple cars, and its failure to do so is actionable negligence for consequent injury inflicted on him.

4. **Master and Servant—"Green Hand"—Coupling Cars—Duty to Instruct—Contributory Negligence.**

The act of a "green" and totally inexperienced hand employed to couple cars, etc., without instruction from the railroad company, in stepping momentarily between the moving engine and a car to couple them by opening the knuckle of the coupling, which for some unexplained reason would not work, does not constitute negligence *per se* on his part. Under the circumstances in evidence the question was properly submitted to the jury.

5. **Nonsuit—Contributory Negligence—Defendant's Evidence—How Considered.**

Upon a motion to nonsuit upon the evidence, the testimony relating to plaintiff's contributory negligence introduced by the defendant will not be considered.

APPEAL from *O. H. Allen, J.,* at the March Term, 1910, of JOHNSTON.

1. Was the plaintiff, J. H. Horne, injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, J. H. Horne, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

3. What damage, if any, has the plaintiff sustained? Answer: $5,000.

Motion by defendant to set aside the verdict; motion denied. From the judgment rendered the defendant appealed.

*J. A. Wellons, Aycock & Winston* for plaintiff.
*Abell & Ward* for defendant.

BROWN, J. This case comes before us upon the sole question as to the correctness of his Honor's ruling in denying the motion to nonsuit. There are no exceptions to evidence and the charge of the court is not sent up.

First. The testimony, taken in its most favorable light for plaintiff, as it must be upon the consideration of a motion to nonsuit, tends to prove these facts.

Plaintiff was employed by defendant in its yard at Rocky Mount to test and clean airbrakes; that he had no experience in coupling cars; that at the time of the injury he had been sent by his boss to the passenger yard to assist in coupling the locomotives to the passenger trains; that he had no instruction theretofore as to coupling trains and received none then; that he had never seen any of the printed rules; that he had seen cars coupled, but had never coupled one; that he had seen men in coupling cars go between the cars while they were still moving and couple cars and engines nearly every day; that being instructed to couple the engine to No. 49, when the engine began to back, he went up to the side of the car and took hold of the lift lever and walked along by the side of the car, jerking the lift lever two or three times to try to open the knuckle, and it would not work; that thereupon he stepped upon the track to open the knuckle with his hand when his foot caught and he was run over by the engine and lost his leg in consequence; that while in between the cars, he tried to open the knuckle with one hand, and also continued jerking the lift lever with his left hand, but it could not open. The claim of negligence is founded upon the theory that it is the duty of employers to instruct their employees in the use of dangerous machinery before assigning them to such duty. Such obligation is recognized generally by the law writers and courts of the country. *Avery v. Company,* 146 N. C., 592; *Chesson v. Walker,* 146 N. C., 511; *Craven v. Company,* 151 N. C., 352; *Marcus v. Loane,* 133 N. C., 54; *Turner v. Lumber Co.,* 119 N. C., 388.

According to the plaintiff's evidence this plain duty was disregarded by defendant's superintendent. He sent a perfectly "green hand" to perform the dangerous duty of coupling cars without instructing him how to do the work required of him.

This was negligence. It was a failure to discharge a duty the defendant owed plaintiff.

Second. Upon the issue of contributory negligence it is not necessary to consider whether upon the facts the defendant is denied the benefit of a plea of contributory negligence, as the issue was submitted to the jury. Inasmuch as the charge of the court is not sent up and no exceptions taken to it we presume it was unobjectionable to defendant.

It is admitted that the engine and car were equipped with automatic couplers, but the plaintiff contends that for some unknown reason the knuckle would not open quickly as it should have done and that he momentarily stepped between the cars to loosen it, when his foot got caught and he was seriously injured so that his leg had to be amputated. Had plaintiff received instructions in car coupling this may not have happened.

We are not prepared to say upon this state of facts that the plaintiff's impulsive act in stepping between the engine and the car momentarily to open the knuckle was *per se* negligence, considering his lack of instruction and inexperience and the circumstances in which he was placed. Doubtless in submitting this to the jury his Honor properly instructed them and left it to the jury to say whether plaintiff, being uninstructed and inexperienced went into obvious danger and did what a prudent man similarly circumstanced would not have done.

There is evidence of contributory negligence, but it comes from defendant's witness Radford, assistant foreman, who testifies that he gave plaintiff positive instructions to sign the engineer down before ever going behind a moving engine.

We cannot consider evidence of contributory negligence upon a motion to nonsuit unless it is offered by the plaintiff. *Strickland v. R. R.,* 150 N. C., 5.

No error.

CLARK, C. J., concurs on the further ground that the car coupler was a defective appliance and the defenses of "assumption of risk" and "contributory negligence" are barred by the

153—16

statute, Revisal, 2636; *Coley v. R. R.*, 128 N. C., 534; *s. c.*, 129 N. C., 407; *Elmore v. R. R.*, 132 N. C., 865. The facts in the last case are identical with those in this. To same effect is U. S. Stat., 1908, c. 149, sec. 3.

Hoke, J., concurs on concurring opinion of Clark, C. J.