SALLIE THORP v. DURHAM TRACTION COMPANY.

(Filed 17 April, 1912.)

1. Carriers of Passengers—Street Railways—Alighting Passengers —Negligence—Evidence—Questions for Jury.

In an action for damages for a personal injury inflicted by a street railway company on its passenger, evidence is sufficient, upon the question of defendant's negligence, which tends to show that the plaintiff, on boarding the car, showed the conductor her transfer from another car, informed him of her intended stop, and after the stop had been called, and when the car had slowed down, arose from her seat for the purpose of alighting, and was injured by a sudden and unexpected movement of the car; and a judgment of nonsuit should not be allowed. *Reid v. Rees' Sons Co.,* 155 N. C., 230, cited and applied.

159—3

2. Carriers of Passengers—Street Railways—Alighting Passengers —Contributory Negligence—Rule of the Prudent Man—Questions for Jury.

It is not negligence *per se* for a passenger on a street car to arise from his seat and go towards the door with the purpose of getting off, when the car is approaching, and has slowed down for a regular stopping place where he intends to alight; and an instruction in this case was correct which substantially charges the jury that it would not be contributory negligence as a matter of law if the passenger, in so doing, was led to believe, as a person of reasonable care and prudence, that the car was about to stop, or that it had actually stopped, if he was injured in his effort to alight by the car being suddenly moved or jerked forward by the defendant or its employees in charge. *Shaw v. R. R.*, 143 N. C., 312, cited and distinguished.

APPEAL from *O. H. Allen, J.*, at October Term, 1911, of DURHAM.

Civil action to recover damages for personal injuries caused by alleged negligence of defendant company.

On the three ordinary issues in an action for negligence there was verdict for plaintiff and awarding damages in the sum of $500. Judgment on the verdict, and defendant excepted and appealed.

*Bryant & Brogden for plaintiff.*
*W. L. Foushee and P. C. Graham for defendant.*

HOKE, J. There was evidence on the part of plaintiff tending to show that on 5 January, 1911, between 6 and 7 o'clock in the evening, she was a passenger on the street car of defendant company, and in handing her transfer ticket to the conductor she informed him that she desired and intended to alight at Dillard Street, and he replied, "All right." That as the car approached this crossing the conductor called out "Dillard Street" as much as three times, and on the last call the car stopped at Dillard Street. That a white passenger named Reid sitting just behind witness got up and went toward the door of the car, and plaintiff and her young son, also a passenger, followed. That Reid got off on the north side of the car and plaintiff was endeavoring to get off from the south side, and as she made a step in the effort to alight, the car, without

any warning, gave a sudden jerk, causing plaintiff to fall in the street and by which she was severely and painfully injured. The attending physician testified that plaintiff was severely bruised and hurt, was rendered unconscious and had to be sent to the hospital for treatment.

There was testimony on the part of defendant in contradiction of this evidence and tending to show that the car moved across Dillard Street at a slow and even pace, stopping at the usual place, and there was no sudden jerk of the car made and that plaintiff was hurt in the effort to get off the car when same was in motion.

Considering this testimony under the rules applicable in such cases, the plaintiff's evidence, if accepted by the jury, made out *prima facie* a cause of action against defendant company, and the motion for nonsuit was therefore properly overruled. *Kearney v. R. R.,* 158 N. C., 521; *Morarity v. Traction Co.,* 154 N. C., 586; *Darden v. R. R.,* 144 N. C., 1; *Clark v. Traction Co.,* 138 N. C., 77; and on the way that the testimony should be considered and dealt with on motions of this character, see, among other cases, *Reid v. Rees' Sons Co.,* 155 N. C., 230; *Horne v. R. R.,* 153 N. C., 239; *Deppe v. R. R.,* 152 N. C., 80.

It was chiefly urged for error on the part of defendant that the court, after directing the jury in general terms that plaintiff could not recover if she was injured in endeavoring to alight from the car when in motion, qualified the proposition in a later portion of the charge as follows: "If you find from the evidence in this case that defendant's car at the time of the alleged injury slowed down for the stop at Dillard Street, and the conductor called out Dillard Street and was running very slowly, and was about to stop for passengers desiring to get off at that point to alight, and find the plaintiff was a passenger at said time, then it would not necessarily be negligent for her to get up from her seat, if she were sitting down, in order that she might be ready to alight, nor would it necessarily be negligence for her to move towards the platform of the car for the purpose of being ready to alight, or to attempt to alight, not necessarily." And further: "If you find from the evidence in this

case, and by its greater weight, that before the car came to a full stop at Dillard Street it slowed down in such a way as to cause a person of reasonable care and prudence to believe that it had really stopped, when it had not, for passengers to alight, and the conductor called out Dillard Street, and that the plaintiff, reasonably believing it was about to stop, attempted to move from the inside of the car to the platform, and in doing so acted as a person of reasonable care and prudence would have done under similar circumstances, and that while acting so there was a sudden and unexpected movement of the car forward, and that such movement was the real cause of her injury, under these findings the defendant would be guilty of negligence, and you would answer the first issue 'Yes,' in considering that phase of the evidence, that is, as to whether the car was moving, if the plaintiff has not satisfied you by the greater weight of the evidence that she got off when it stopped. I have already said to you that ordinarily a passenger should not get off of a moving car. There are some exceptions, and this last instruction is intended to embrace an exception, and it is for you to say whether the facts come under it or not."

There were facts in evidence upon which to base these excerpts, and in so far as they embody the proposition that it is not negligence *per se* for a passenger to arise from his seat and move towards the door with a view of getting off when the car is approaching the station where he intends to alight and after it has slowed down for the purpose, the charge is in full accord with the authorities, and the principle finds direct support in our own decisions. *Suttle v. R. R.,* 150 N. C., 668; *Tillett v. R. R.,* 118 N. C., 1031; Thompson on Negligence, sec. 3591. And the charge may well be sustained in directing the jury as it did, in effect, that although the car was in motion at the time, the plaintiff would not be barred of recovery if she went out on the platform after the conductor had called the street where she was to get off and the car had slowed down in such a way and to such an extent as to lead a person of reasonable care and prudence to believe that it was about to stop or that it actually had stopped, and plaintiff, acting as a reasonable and prudent person in so doing, was injured in her effort to alight

by the car being suddenly moved or jerked forward by defendant or its employees in charge. A passenger injured is not always and as a matter of law barred of recovery because injured in the attempt to board or alight from a moving car. As applied to the facts suggested and made the basis of his Honor's charge, the correct doctrine is very well stated in Thompson on Negligence as follows: "Where the car has been brought to a stop, or where it has been slowed so that its motion is very slight, and the passenger attempts to alight, and, while making the attempt, the car is suddenly started, so that the passenger is thrown down, negligence will not be imputed to the passenger as matter of law, but the question of the negligence, both of the carrier and the passenger, will go to the jury; but this presupposes that the passenger has in some way given the trainmen notice of his intention to alight. A passenger is not imputable with contributory negligence as a matter of law, from the mere fact that he commences the act of alighting from the car before the car has come to a full stop. But if, while he is in the act of alighting, the car is negligently started forward with a sudden jerk, whereby he is thrown down and injured, the cause of the injury will be imputed to the negligence of the carrier, and not to his own negligence"; and the statement is approved by decision of the courts here and elsewhere. *Darden v. R. R.*, 144 N. C., 1; *Whisenhant v. R. R.*, 137 N. C., 349; *Hodges v. R. R.*, 120 N. C., 555; *Nance v. R. R.*, 94 N. C., 619; *R. R. v. Harman*, 147 U. S., 571. There is nothing in *Shaw v. R. R.*, 143 N. C., 312, or *Denny v. R. R.*, 132 N. C., 340, or *Brown v. R. R.*, 138 N. C., 34, or in the other authorities cited in conflict with this position on the facts as presented and embodied in this charge.

In *Shaw's case* recovery was denied because the passenger was on the platform of a moving railroad train contrary to the rules of the company made under express authority of a statute, and it was held that there was no evidence that the company or its agents had done anything to abrogate or waive the operation and effect of the rule. See the interpretation of *Shaw's case* appearing in *Borden's case,* supra.

In *Denny's case* the nonsuit of defendant's cause was sustained, the court being of opinion that there was nothing in the circumstances to warn or notify defendant's engineer that plaintiff was or would be on the platform in violation of the company's rules made and posted in pursuance of this same statute, and for that reason there were no facts upon which the negligence could be imputed.

But in both of these cases and in that of *Browne v. R. R.,* 108 N. C., 34, while the general rule is approved that a passenger injured while attempting to alight from a moving train or car has no cause of action, it is also recognized that under exceptional conditions recovery is not necessarily denied.

We agree with his Honor, that on the facts as suggested the case may be properly considered as coming within the exceptions to the rule and that no reversible error to defendant's prejudice is presented. After careful consideration of the entire record, we are of opinion that the cause has been correctly tried and that the judgment in plaintiff's favor should be affirmed.

No error.