CLAUDE BRADLEY v. SOUTH AND WESTERN RAILWAY COMPANY et al.

(Filed 14 May, 1907).

1. **Railroads—Employer and Employee—Safe Place to Work—Negligence—Rule of the Prudent Man.**—An employer of labor, in the exercise of reasonable care under the rule of the prudent man, in regard to the kind and character of the work, shall provide for his employees a safe and suitable place in which the work is to be done. It was error in the Court below to sustain a demurrer to the complaint alleging that defendant was constructing a railroad, and at the time of the injury required the plaintiff to drive a wagon over certain team roads on its right-of-way, made for the use of its teams in its construction work, used almost constantly for that purpose for several weeks in a dangerous condition for the drivers required to use it.

2. **Same—Issues.**—In an action for the recovery of damages on account of alleged negligence of defendant in leaving a stump in a temporary roadway, used for several weeks by its teams in

construction work of a railroad, upon which the plaintiff, in the course of his employment, was required to drive a team, the controlling questions are upon an inquiry of a breach of duty of defendant in respect to the proper condition of the roadway, Was the plaintiff's injury caused thereby? and Was it such as the defendant knew or might reasonably have foreseen and expected to occur?

CIVIL ACTION, heard on demurrer to complaint, before his Honor, *Guion, J.,* at January Term, 1907, of Superior Court of McDOWELL County.   There was judgment sustaining the demurrer, and the plaintiff excepted and appealed.

*J. W. Pless* for plaintiff.
*P. J. Sinclair* and *Hudgins, Watson & Johnston* for defendants.

HOKE, J.   The allegations of the complaint tend to show that defendant companies, engaged in constructing a railroad in McDowell County, established a camp on their right-of-way for the comfort and convenience of their employees engaged in the work and for the care and placing of their teams; and plaintiff, a driver of one of these teams, while engaged in this work and when driving his team along a roadway established and provided by defendants for entrance to and exit from their camp, was injured by reason of defendants' negligence in not providing a safe roadway at the place indicated.   The specific charge of negligence, as stated in the complaint, is as follows

"5. That on said date, the defendants, through their agents and vice-principals, required the plaintiff to drive a four-horse team over certain roads on its right-of-way, which roads were made by defendants for the use of its wagons and teams in connection with the construction work, and the road upon which plaintiff was injured was a road made for entrance and exit to and from one of its camps, and was

built to be and was largely used by plaintiff and other serv-
ants of defendants and had been almost constantly used by
them for some weeks at the time of said injury; but notwith-
standing the said road was built to be and was almost con-
stantly used, the defendants negligently and carelessly left
the same, and it was at the time of said injury in a danger-
ous and unsafe condition for the drivers of teams who were
required to use the same while driving in the manner in
which plaintiff and all other drivers of teams constantly
drove, the said negligent condition, and danger in said road-
way being that defendants negligently and carelessly left a
large stump in the center of said road, which stump was of
such height that it came within two or three inches of the
running gears or brake-beam on the wagons in use by defend-
ants' servants who were required to drive said wagons over
said road, and at times, when the road was soft, the said
stump would touch the brake-beam of wagons such as the
plaintiff was using and other wagons used by said defend-
ants, it being fully known to defendant companies that the
usual and ordinary custom for all its drivers using said road
was to ride sitting on the frame or running gears of its
wagons, with their feet hanging down.

"6. That on said date the plaintiff was driving a four-
horse team for defendants on said road at their camp, as
his duties required, when by reason of the negligence and
carelessness of the defendants in failing to provide a safe
place in which for him to work, and without any fault on
his part, the plaintiff was injured as follows: Plaintiff was
sitting on the frame of his wagon in the usual way for
driving such teams, with his feet hanging down in the usual
and only practicable way, when one of the teams he was
driving became frightened, very difficult to manage, and
required all the attention of plaintiff just before and at the

time the wagon reached the stump above described, and plaintiff thereby failing to observe the stump had his leg caught between the stump and the brake-beam on his wagon, breaking his leg in two places, crushing and mangling his leg, from which injuries plaintiff suffered great and excruciating pain and anguish. The leg has been shortened and crooked, is weakened, and plaintiff is permanently injured and disfigured, and was caused loss of time and the expenditure of money, all to his great damage."

The demurrer admits these allegations to be true, each and all of them; and in this view the Court is of opinion that a case is presented which should be submitted to a jury under a proper charge.

It is established with us that an employer of labor, in the exercise of reasonable care and having regard to the kind and character of the work, shall provide for his employees a safe and suitable place in which the work is to be done. Where the employees are engaged in the operation of mills and other plants having machinery more or less complicated and usually driven by mechanical power, in such case an arbitrary standard of duty has been fixed and the employer is required to provide methods, placing, implements and appliances such as are known, approved, and in general use. *Hicks v. Manufacturing Co.,* 138 N. C., 319; *Horne v. Power Co.,* 141 N. C., 50; *Fearington v. Tobacco Co.,* 141 N. C., 80.

Where, however, as in this case, these conditions do not exist, and no arbitrary standard is established, then, in case two men of fair minds could come to differing conclusions, the question of negligence should be referred to the jury to be determined by the standard of a prudent man acting under like conditions and circumstances. And in making this decision, the character of the work, its placing, the

usual and ordinary methods, with any directions given as to these methods, should all be taken into consideration. It would not be reasonable, as suggested in behalf of the plaintiff, to hold defendants to the duty of making their roads as smooth and free from obstructions as a street or public highway is required to be kept. These construction companies are frequently compelled to clear an entirely new way through woods and undergrowth for considerable distances and over rough sections of country, and it would be impracticable and unreasonable to hold them to any such requirement as this. We are of opinion, however, that if there is evidence tending to support the allegations as made, the issue should be submitted to the jury whether, having regard to the character of the work, the placing of the road, the frequency of its use by plaintiff in performance of his work, its condition, etc., the defendants had constructed such a road for the use of their hands as should be required of a prudent man engaged in such work and charged with a like duty. And if there was such a breach of duty in this respect, was plaintiff's injury caused thereby, and was it one that defendants might reasonably have foreseen and expected to occur?

The demurrer will be overruled and defendants required to answer.

Reversed.